## HARVEY CLARK v. THE STATE.

By the acts of 25th February and 7th December, 1863, the estray laws were suspended "during the war, and until six months after a treaty of peace shall be concluded." (Paschal's Dig., Arts. 3701, 3702.) [See the Estray Cases, 28 Tex., 632, and 30 Tex., 515.]

The court judicially knows when the war ceased in Texas. The formal surrender of the belligerent force in this state took place on the 28th of May, 1865. The six months had not elapsed on the 15th of September, 1865, when this offense of "taking up" and "using" an estray is alleged to have been committed.

Notwithstanding the law of estraying was suspended, the penal statute against "taking up" and "using" an estray, coming within the meaning of an estray, was not suspended and held in abeyance along with the methods of proceeding provided for estraying.

The charge of the court must be in writing if the defendant object to its being verbal. (Paschal's Dig., Art. 3067, Note 747.)

The judge is not allowed to express any opinion in his charge as to the weight of the evidence. (Paschal's Dig., Art. 3059, Note 744.)

APPEAL from Gonzales. The case was tried before Hon. WESLEY OGDEN, one of the district judges.

The defendant was indicted for taking up and using an estray, under article 775 of the code. (Paschal's Dig., Art. 2441, Note 693.)

The other facts in the case are sufficiently indicated in the opinion of the court. The opinion seems to overrule the estray cases by the same court, 30 Tex., 515, and to coincide with the estray cases as ruled by the preceding court, 28 Tex., 632.

*Finley & Stewart*, for appellant.—I. The bill of exceptions, on page 10 of the transcript, exhibits a verbal charge of the court, which, according to article 3067, Paschal's Digest, positively requires the reversal of the judgment.

II. That portion of the charge of the court which instructed the jury "that they should look with great suspicion upon the mere verbal authorization of a stranger claiming ownership of estray animals" is in direct violation of articles 3059 and 3060, Paschal's Digest. (Brown v. The State, 23 Tex., 201; Ross v. The State, Galveston term, 21 March, 1861, [29 Tex., 499;] Nels v. The State, 2 Tex., 282.)

III. The charge requires the jury to find the defendant guilty if he appropriated the animal. That is a separate offense from the one of which defendant stands indicted. (See Penal Code, Paschal's Dig., Arts. 2440 and 2441,) and the indictment and evidence did not authorize such a charge.

IV. There were no officers before whom the animal could

have at that time been estrayed, and the verdict is not sustained by the evidence.

V. The time of the offense is not laid in the indictment with certainty.

VI. The jury were not legally sworn. (Paschal's Dig., Art. 3029.)

*E. B. Turner, Attorney General,* for the state.—I. The indictment charges the defendant with the offense in the very language of the statute. (Paschal's Dig., Arts. 2440 and 2441.)

II. It is objected that at this time, "to wit," September 15, 1865, there was no law authorizing animals, except those which are vicious, to be estrayed, and that the act of 25th February, 1863, (Paschal's Dig., Art. 3700, as well as the act of December 7, 1863, Art. 3702) continued in force up to the time laid in the indictment.

That law, if of force at all, ceased at the date of the surrender, which date is judicially known to the court.

LINDSAY, J.—On the 15th day of September, 1865, the "laws providing for the estraying of stock, and prescribing the course of proceedings in the same," were still in suspension in the very terms of the statute requiring the continuance of the suspension for six months after the termination of the war. The court judicially knows when the war ceased in Texas. The formal surrender of the belligerent force in this state took place on the 28th day of May, 1865. The six months had not elapsed on the 15th day of September, 1865, when this offense of "taking up" and "using" an estray is alleged to have been committed. Notwithstanding the law of estraying was suspended, the penal statute against "taking up" and "using" any animal coming within the meaning of an estray was not suspended and held in abeyance along with the methods of proceeding provided for estraying. It was still an offense to take up

and use an estray without complying with the laws regulating estrays.

The policy of the law was, no doubt, to guard against what was supposed would be the inevitable abuses, practiced under the guise of the law, upon the stock of so many absent owners engaged in the war. To guard against such abuses must have been the purpose of the legislature in suspending all proceedings in estraying. Stray stock might still have been taken up and cared for till the owner should call for it. This was no offense. But to couple the use or the disposition of it with this taking up constitutes the offense which was denounced by the law. Hence the averment in the indictment, that the taking up and using was done without complying with the laws regulating estrays, was necessary and proper. And simply because the accused could not comply with such laws affords no reason for his violation of a penal statute, but is a most potent and stringent reason why he should not have tampered with the property at all, unless it was simply to take care of it for the benefit of the real owner. If it be taken up at the request of the owner, and then used by the taker up, the party cannot be made amenable to the penalty of the law.

But while this is the law of the case according to the pleading and the facts, yet we are constrained to reverse the cause for errors committed by the court on the trial. It appears, by a bill of exceptions, that the court gave a verbal instruction to the jury without the consent of the defendant or his attorney, which is in abrogation of article 3067, Paschal's Digest, and makes it imperative on this court to reverse whenever it appears in the record and is excepted to by the defendant. There is an additional reason for the reversal because of the comment of the judge, in one of his written charges, upon the weight of the evidence in instructing the jury to " look with great suspicion upon the mere verbal authorization of a stranger claiming ownership of

XXXI—37

estray animals." This is in direct violation of article 3059. For these errors the case is

REVERSED AND REMANDED.