The opinion of the court was delivered by
Valentine, J.:
This was a criminal prosecution in the criminal court of Leavenworth county. The defendant moved to quash the information in said court and the court sustained the motion. The county attorney then in behalf of the state appealed to this court under § 285 of the criminal code, *38 (Gen. Stat., 866,) by serving the proper notice on the defendant and the clerk of the said court. Said notices were served December 11th 1872. The transcript of the record of the proceedings of the court below was not filed in the supreme court until January 22d 1873. The defendant now moves to dismiss the appeal, on the ground that the transcript was not filed within thirty days after the appeal was* taken, as required by § 284 of the criminal code. We suppose the motion must be sustained. No authority is given to file the transcript after thirty days from the time of taking the appeal have elapsed; and no notice of the filing' of the transcript is ever given after it is filed. The defendant is bound, after an appeal is taken, to watch the files of the supreme court for thirty days, to see for himself whether a transcript is filed or not. If the transcript is filed within the thirty days, he is bound to take notice of it; but if it is not filed within that time he may then rest easy, unless another appeal is taken by serving other notices upon him and the clerk of the proper court. An appeal must be taken within two years after the judgment is rendered, and is sufficient if taken any time within two years. (Crim. code, § 284.) The transcript must be filed within thirty days after the appeal is taken, and it is sufficient to file it at any time within thirty days. Hence, a transcript may be filed legally within two years and thirty days after the judgment is rendered, but cannot be filed legally after a longer period has elapsed. If however the thirty days for filing the transcript may be extended to forty-two days, as in the present case, then they may not only be extended two years, or two years and thirty days, but may be extended indefinitely. If the defendant is bound to watch the files of the supreme court for forty-two days to see whether a transcript is filed or not, he would be bound to watch the files of the supreme court for that purpose forever. There is no limit fixed for filing the transcript except the limit of thirty days; and if that limit be disregarded there is no other limit that can be fixed upon by the *39 courts. The motion of the defendant is sustained, and the appeal dismissed.
All the Justices concurring.