THE STATE OF KANSAS v. CAMILLE TEISSEDRE.

CRIMINAL ACTION; *Notice of Appeal.* The service of a notice of appeal on the clerk and prosecuting attorney, in a criminal action brought to this court by the defendant, is an important part of the record and constitutes a necessary step in the appeal, and should appear in the transcript filed, that this court may see and its record show it has jurisdiction of the cause. (*Carr v. The State,* 1 Kas. 334; *The State v. King,* 1 id. 466 ) If it does not appear in the transcript, satisfactory proof must be presented to this court of the service of the notice of appeal upon the clerk and prosecuting attorney; or notice of appeal must be waived by them, in order that this court may take jurisdiction of the case.

*Appeal from Cloud District Court.*

AT the October Term, 1881, of the district court, *Teissedre* was found guilty of maintaining a common nuisance, in violation of ch. 128, Laws of 1881. His motion for a new trial was overruled, and also his motion in arrest of judgment. Thereupon the court adjudged that—

"The place known and described as the west room of Bartlett & Crump's brick block, situate on lot one of block five, in the city of Clyde, in said Cloud county, is a common nuisance, and that an order issue out of the court, directed to the sheriff of Cloud county, commanding the said sheriff to shut up and abate such place. And it is further considered and adjudged, that the defendant Camille Teissedre, the keeper thereof, pay a fine of one hundred and fifty dollars

and the costs of prosecution herein, taxed at —— dollars; and that he be committed to the jail of Cloud county until the same are paid."

From the foregoing judgment defendant appeals.

*Borton & McFarlin, J. G. Lowe,* and *F. W. Sturges,* for appellant:

The judgment in this case should be reversed, for the following reasons:

1. The offense with which the defendant was charged and prosecuted is not embraced within the title of the act under which the prosecution was brought.

2. The information is fatally defective in this, that it does not set forth facts constituting a public offense, because it does not charge that the defendant had no permit or license to sell. (24 Kas. 724.)

3. The court permitted, over the objection of defendant, the probate judge to testify that the defendant had no druggists' permit or license—there being no allegation in the information justifying the admission of such testimony.

4. Witnesses whose names were not indorsed on the information were allowed to testify over the objection of defendant, to wit, George Bartlett, among others.

5. When the argument for the defense was about concluded, the court, over the objection of the defendant, allowed the state to call the witness McFarlan to prove in what county and state the alleged offense had been committed, which had not before been proven.

6. The jury were misinstructed in the five instructions given at the request of the state, and especially in the first instruction, where they are instructed that beer is presumed to be intoxicating until the contrary is proven. This instruction is too broad. If it had been limited to the kind of beer that is intoxicating, as for instance, lager beer, then under the former decision of this court, (*The State v. Volmer,* 6 Kas. 371,) the instruction might not be bad; but as it is, it is. When

there are several, or rather many kinds of beer, some of which are intoxicating and some are not, an instruction that beer, without any modification or limit, is presumed to be intoxicating, is certainly too broad, and therefore erroneous.

7. The court refused to give instructions Nos. 1, 2, 3 and 4, asked by defendant.

8. The court refused to sustain the motions of defendant for a new trial, and in arrest of judgment. There was no evidence to justify the verdict. If the testimony of the probate judge had been competent, this was the only evidence offered which tended to show that the defendant had no permit or license; but it did not show that he had no license or permit, only that he had no druggists' permit. In the prohibition act two permits are provided for — one for druggists, in §2, and the other for manufacturers, in §5. Before the state can convict, it is necessary for it to show that the defendant had neither. Showing that he did not have one, does not show that he did not have the other. The question, if competent under the information, should have been as to whether defendant had any permit or license; then if the answer had been no, this would be sufficient; but the question was as to whether he had any druggists' permit. This should have been followed by the question as to whether he had any manufacturers' or other permit. As it was not, and there was no evidence only that he had no druggists' permit, there was no evidence to justify the verdict or judgment. (*The State v. Pittman*, 10 Kas. 593.) The general instructions given by the court were erroneous, and excepted to by the defendant. When, however, the case came to be made and the record certified to the supreme court, the instructions of the court could not then (and though diligent search was then and ever since has been made, they cannot yet) be found; and so the record was sent up without them. The defendant suggests a diminution of the record, and that this court direct the court below to certify up said instructions, or if they cannot be found, to substitute new ones.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for
The State:

This court has held that the service of the notices of appeal
on the clerk and the prosecuting attorney *constitute the appeal,*
and that upon such service its jurisdiction, to review the judg-
ments and decisions of the court below, rests. (*Carr v. The
State,* 1 Kas. 334; *The State v. King,* 1 id. 466.) This juris-
diction resting upon the appeal and the filing of the tran-
script here within thirty days after such appeal is taken, this
court has held that the notices of appeal and proof of ser-
vices thereof are important parts of the record, and that they
should appear in the transcript filed, that it may see and the
record show that it has jurisdiction of the cause. (Cases
cited, *supra.*) The record in this case clearly shows, both in
the bill of exceptions and in the copies of the papers filed in
the case certified as such by the clerk, that a perfect appeal
was taken in this case on October 26, 1881 — over nine
months prior to the filing of the transcript in this court.
The transcript is certified to contain full, true and complete
copies of all papers filed in the cause below, and to be a full,
true and complete copy of the record in the cause. The date
of the certificate of the clerk attached to the transcript is
July 26, 1882, five days before the transcript was filed in
this court. The record shows that at that time the only ap-
peal taken in the cause was the appeal taken October 26,
1881. This court tries cases brought before it on the record
and transcript from the court below, and cannot assume the
existence of a portion of the record not before it, nor render
a judgment which, upon the face of such record, would ap-
pear to be without jurisdiction. The record before this court
showing, therefore, that the appeal taken from the judgment
of the district court was perfected October 26, 1881, and that
the transcript of the record of the proceedings of the court
below was not filed in the supreme court until July 31, 1882,
the appeal must be dismissed for want of jurisdiction. (*The
State v. McEwen,* 12 Kas. 38.) No authority is given to file

the transcript after thirty days from the time of taking the appeal have elapsed. No notice of the filing of the transcript is ever given after it is filed. The defendant is bound, after an appeal is taken, to watch the files of this court for thirty days, to see for himself whether a transcript is filed or not. If the transcript is filed within the thirty days, he must take notice of it; but if it is not filed within that time, he may then rest easy.

Two years is the extreme limit for taking the appeal, and thirty days thereafter is the extreme limit for filing the transcript in the supreme court. The thirty days cannot be extended a day, because if they may, then they may be extended indefinitely. If the appellee is bound to watch the files of the supreme court for thirty-one days after an appeal is taken, to see whether a transcript is filed or not, he would be bound to watch its files for that purpose forever. And further, the taking of the appeal stays the judgment when for a fine and costs, as in this case, (*The State v. Volmer*, 6 Kas. 384,) and it was evidently not intended that the taking of an appeal should stay the judgment indefinitely. The failure to file the transcript within thirty days after the appeal terminates the stay, and thereafter the judgment of the court can be enforced. The decisions of this court have been consistent with this argument.

In *The State v. Boyle*, 10 Kas. 115, the record did not show that any attempt had been made to take an appeal under the criminal code, as it did not show that any notice of the appeal was served or attempted to be served on either the clerk of the district court or the county attorney. But after the case was brought to this court, both the district clerk and the county attorney expressly waived the notice of appeal; and the court, notwithstanding this waiver, says "*with some hesitancy* we have concluded to consider the case as now in this court substantially on appeal."

In *The State v. McEwen*, 12 Kas. 37, the record showed an appeal taken by the service of notices on December 11, 1872. The transcript of the record of the proceedings of

the court below was not filed until January 22, 1873, and the court held that a motion for dismissal for want of jurisdiction must be sustained, and the appeal dismissed.

In *The State v. Ashmore*, 19 Kas. 545, the court again squarely met these questions and disposed of them in an unequivocal manner, in harmony with its previous policy.

In *McLean v. The State*, 28 Kas. 372, the court quoted approvingly and followed the earlier decisions, and dismissed the case because the record did not show a perfect appeal taken within thirty days next preceding the filing of the transcript.

The question arises, can a defendant who has taken an appeal in such a case, and who has failed to file the transcript as prescribed by law, and the appeal has thereby become a nullity, serve new notices and take a second appeal in the same case? The statute says "*an appeal* may be taken by the defendant," and "*the appeal* must be taken within two years after the judgment is rendered," and "the transcript must be filed within thirty days after *the appeal* is taken." The language of the statute is singular, not plural, and it is asserted that only one appeal is authorized to be taken. If a second appeal may be taken after a failure to file the transcript within thirty days after the first appeal was taken, then a third, a fourth and a fifth appeal may be taken, and this novel method of operations continued monthly for two years, each appeal staying the execution of the judgment thirty days. A defendant may thereby have taken twenty-three perfect appeals, each of which becomes a nullity by reason of his failure to file a transcript within thirty days. On the last appeal he takes his transcript to the supreme court within the time, and the stay which he has successively renewed twenty-four times is continued until the determination of the last and only *bona fide* appeal to this court. Is it a reasonable construction, which will lead to results so manifestly absurd? We think not. There was only one appeal authorized, and that appeal was taken October 26, 1881. The transcript was not filed in this court within thirty days thereafter, and there-

fore the present proceeding is without jurisdiction, and should be dismissed.

But should the court hold otherwise, (as it has intimated it would in other cases decided by it,) has there been any second appeal taken in the case? The transcript fails to show it, although certified to contain all the record and copies of all papers filed in the case up to July 26, 1882—five days before the transcript was filed in this court. In the foregoing cases cited, this court has said that the appeal must appear from the record, unless there is an express waiver thereof by the district clerk and the county attorney.

On the 2d day of September, 1882, the defendant filed with the clerk of this court two papers, not entitled in this case in the supreme court, but entitled in the case in the district court of Cloud county. They were never filed in the district court, and have not been certified by the clerk of that court to be a part of the record of that court relating to this case. They purport to be papers intended to be filed in the district court of Cloud county. They do not purport to be intended to be filed originally in this court. The action is instituted in the district court, judgment is rendered there, and there the case remains until the appeal is taken to this court. The appeal is taken in, the court where the case is. It operates as a stay of execution of that court until that appeal is determined or abandoned. When an appeal is properly taken, this court has jurisdiction to review the judgment and decisions of the lower court. What that judgment is, and whether the appeal is properly taken, can only be known by an examination of the record of the lower court. The only way the supreme court can examine the record of a lower court is by the production before it of the record itself, or a duly certified copy or transcript of that record. The statute has provided, in cases of appeal, that it shall be by a duly certified transcript of the record and proceedings in the lower court. This court cannot assume any paper to be a part of the record of the case below, unless it is duly and properly certified to be such by the custodian of the record, the clerk

of the district court. These notices, filed September 2, 1882, cannot be assumed, therefore, to be any part of the record from the district court of Cloud county. What then is the effect of these notices? Can a transcript be filed in the supreme court, and the case on appeal commenced, before the appeal is taken? What jurisdiction had this court on July 31, 1882? And if it had no jurisdiction of the cause when it was instituted, what act has conferred a jurisdiction it never had? The notices purport to have been served on the clerk and county attorney, but they do not waive notice of appeal. This court may say that the appeal may be taken at any time —any moment prior to the submission of the proceedings ; at any moment prior to the rendition of the judgment in this court; but we do not believe it will say any such thing. We believe it will sustain its prior rulings. It will say we must have had jurisdiction when the cause was instituted before us. It will say that an appeal must be taken before we can have jurisdiction; and that that jurisdiction, and therefore the appeal, must appear in the transcript of the record filed at the commencement of the case in this court. This argument is not made in a technical spirit, but because we believe that a contrary ruling will lead this court to absurd results. A construction of the statute which will enable a convicted criminal to nullify the judgment of the court by which he was tried, for two years, without an appeal to this court in good faith, or which will create and confer on this court, retroactively, a jurisdiction that it did not possess at the time the transcript was filed here and the suit commenced, is not a reasonable construction, and will lead to absurd results when tried by the tests of logical reasoning.

This is not a case that comes within § 294 of the criminal code, which provides for the correction of defective appeals. In this case a perfect appeal was taken in the first instance, which afterward became a nullity by the failure to file the transcript in this court within the succeeding thirty days.

To summarize our argument on this branch of the case, we contend that a perfect appeal was taken on October 26,

1881, and on the failure of the defendant to file the transcript in the supreme court within thirty days thereafter, it became a nullity; that no second appeal is authorized by the statute, and no attempted second appeal is shown by the record upon which this proceeding is based; that if a second appeal may be taken, it must be taken in the lower court before the case is brought to the supreme court, and appear in the transcript; and that an appeal, first or second, cannot be taken subsequently to the institution of the suit on appeal in this court.

The opinion of the court was delivered by

HORTON, C. J.: The defendant was convicted of keeping and maintaining a common nuisance in violation of the act prohibiting the manufacture and sale of intoxicating liquors, except for certain specified purposes. Judgment was rendered on the 25th day of October, 1881, and on the next day he attempted to take an appeal by service of a notice upon the clerk of the court where the judgment was entered, stating that he appealed from the judgment, and by serving a similar notice at the same time upon the prosecuting attorney. The transcript was not filed within thirty days after the service of the notice of appeal, and not until July 31, 1882. The defendant alleges that subsequently, and on August 10, 1882, a few days after the filing of the transcript in this court, another notice of appeal was served upon the clerk of the court where the judgment was rendered, and that on the same day a similar notice was served upon the prosecuting attorney. The transcript in this court fails to show any notice of appeal or service thereof other than the notice served on October 26, 1881. On the 2d day of September, 1882, the defendant filed with the clerk of this court two papers not entitled in this case in this court, but entitled in the case in the district court of Cloud county, purporting to be acknowledgments of service of notice of appeal by the clerk and prosecuting attorney. They were never filed in the district court of Cloud county, and have not been certified by the clerk of the court to be a part of the record of that court

relating to this case. Neither the clerk of the district court of Cloud county nor the prosecuting attorney of that county has personally appeared in this court and waived notice of appeal, nor has any evidence been presented to us that the signatures of the parties acknowledging service of the notice of appeal are genuine.

On December 29, 1882, a motion was filed in this court by the state to dismiss the appeal, for the reason that the transcript had not been filed within thirty days after service of the notice of appeal of October 26, 1881. This motion came on for hearing at the January sitting of this court for 1883, and was overruled. At that time our attention was not directed to the omission in the transcript of the notice of appeal pretended to have been served August 10, 1882, nor was any suggestion made of the insufficiency of the proof of the notice of appeal. On the other hand, at that time it seemed to be conceded that service of the notice of appeal had been properly made on August 10, 1882, and that due proof of the service of the notice of appeal was before this court. The motion was denied, solely upon the ground that to perfect an appeal and give this court jurisdiction in a criminal action to review the decision of the trial court or some intermediate order thereof, not only is service of the notice of the appeal on the clerk and prosecuting attorney requisite, but this is to be supplemented by the filing of the transcript within thirty days after the service of the notice, (*The State v. McEwen*, 12 Kas. 37; *McLean v. The State*, 28 id. 373;) and that until the transcript is filed in this court there can be no suspension of the judgment of the district court or any stay of execution of that court, even when the judgment is for a fine only, as the appeal is in no condition to be heard or disposed of upon its merits. The motion of December 29th is renewed.

It is also suggested in connection therewith, that the papers filed with us on September 2, 1882, ought to have been filed in the district court of Cloud county, and in the absence of proof of the signatures thereto are not to be considered by this court. The objections to the pretended service of the

notice of appeal of August 10, 1882, are well taken. If the record in this court does not show that the notice of appeal has been served, this court has no jurisdiction to act, and the case must be dismissed. (*Carr v. The State*, 1 Kas. 334; *The State v. King*, 1 id. 466.) The criminal code provides for proof of notice of appeal to the appellee before the appeal is tried. (Criminal Code, § 289.) As the service of the notice of appeal on the clerk and the attorney is a necessary step in the appeal and an important part of the record, it should appear in the transcript filed, that this court may see and its records show it has jurisdiction of the cause. (*Carr v. The State*, supra.) If this notice does not appear in the transcript filed, then there should be an express waiver of the notice of appeal by the clerk and prosecuting attorney. (*The State v. Boyle*, 10 Kas. 113.) Or, if this is not done, there should be satisfactory proof to us of the service of the notice of appeal. We cannot take judicial notice of the genuineness of the signatures to the notice of appeal filed in this court on September 2, 1882, and such papers, being entitled in the cause in the district court of Cloud county, ought not to have been filed here. These papers should have been filed in the court below, where they belong, and then brought to this court in the transcript. If filed here at all, they should be accompanied with due proof of the genuineness of the signatures thereto. With this view of the papers filed September 2, 1882, we cannot hold that the notice of appeal was served August 10, 1882, and therefore the so-called service of appeal of that date must be disregarded. The transcript was not filed in this court within thirty days after the service of the notice of appeal of October 26, 1881, and the objections now made to the record must prevail, and the appeal be dismissed.

The judgment of the district court will be carried into execution.

VALENTINE, J., concurring.