## In the matter of the Petition of C. C. CHAMBERS for a Writ of Habeas Corpus.

APPEAL TO SUPREME COURT; *No Stay of Proceedings, When.* In a criminal prosecution in the district court, where a judgment is rendered against the defendant for a fine and costs only, and the defendant appeals to the supreme court, the appeal is not so completed and perfected as to stay proceedings in the district court, until proper notices of the appeal have been given, and a transcript of the case has been filed in the supreme court.

### Original Proceedings in Habeas Corpus.

PETITION for a writ of *habeas corpus*, filed in this court August 31, 1883, by *Chambers* against the sheriff of Reno county. The application was heard by VALENTINE, J., and the writ issued and made returnable September 4, 1883, before the supreme court. The case was heard upon an agreed statement of facts, contained in the opinion herein, filed at the October Term following.

*Scheble & Vandeveer,* and *J. G. Waters,* for the petitioner.
*R. A. Campbell,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This is a proceeding in *habeas corpus,* brought originally in this court. It appears that the petitioner, C. C. Chambers, was prosecuted criminally in the district court of Reno county for violating the prohibitory liquor law, and that he was found guilty and sentenced to pay a fine of $100 and costs, and to stand committed to the county jail of that county until the fine and costs were paid. Chambers immediately gave notice of appeal to the supreme court, but has not yet filed in this court any transcript or other papers for the purpose of perfecting or completing his appeal. He claims, however, that his appeal was perfected when he gave the notices of appeal. The state, on the other hand, through its proper officers, ignores the supposed appeal, and

is now attempting to enforce the judgment rendered against the defendant Chambers notwithstanding the appeal. Chambers claims that this is illegal and contrary to law, on the ground that his appeal was perfected, and all proceedings in the district court were stayed when he gave the notices of appeal. He claims that in order to stay proceedings in the district court on taking an appeal like the present to the supreme court, there is no necessity for filing anything in the supreme court. The facts of the case will more fully appear by reference to the following agreed statement of facts:

"It is hereby agreed by and between the petitioner, C. C. Chambers, and the respondent, J. M. Hedrick, sheriff, etc., that the following facts are true, and that this cause be heard upon the same as the evidence in the case:

"1st. The petitioner was duly charged upon information in the district court of Reno county, Kansas, with the commission of a misdemeanor, and was tried and convicted at the July (1883) special term of said district court.

"2d. That at said term, and on August 25, 1883, the court sentenced petitioner to pay a fine of $100 and costs, and to stand committed until the fine and costs be paid.

"3d. That at and during the trial of said cause, petitioner excepted to various rulings of the court, and the court gave petitioner till September 3, 1883, to prepare his bill of exceptions in said cause.

"4th. That on August 25, 1883, and immediately after the pronouncing of judgment as aforesaid against petitioner, he gave due notice of an appeal from said judgment to the supreme court, and served the same upon the county attorney and upon the clerk of the district court, as by law required.

"5th. That the district court of Reno county adjourned on August 25, 1883, till September 3, 1883.

"6th. That no recognizance or bonds were required of this petitioner, and that after so giving his notice of appeal he was permitted to go hence without bond, the court making no order in the premises.

"7th. That the cause in the district court in which judgment was rendered, was upon appeal from the J. P. court, and that at the time of taking the appeal, petitioner gave bond to the state of Kansas, in the sum of $200, with sureties, and in form and conditioned as is by statute provided.

" 8th. That after the adjournment of the district court, and on to wit, the — day of August, 1883, the clerk of the district court of Reno county issued and delivered to respondent, sheriff, etc., a duly-certified copy of the journal entry of the judgment in said cause against petitioner, a copy of which journal entry is to the writ herein attached as a part of the return therein ; and that by virtue and upon the authority of the certified copy of the judgment, the said J. M. Hedrick apprehended and arrested petitioner, and incarcerated him in the county jail of Reno county, at Hutchinson, Kansas ; and that petitioner is now still so detained and restrained of his liberty."

As before stated, the defendant, Chambers, claims that his appeal was perfected at the time when he gave the said notice of appeal, and that all proceedings in the district court were stayed from and after the time he gave such notice, and he relies upon §§ 285 and 287 of the criminal code as sustaining his claim. These sections, so far as it is necessary to quote them, together with §§ 281, 282, 284 and 294 of the criminal code, read as follows :

"SEC. 281. An appeal to the supreme court may be taken by the defendant, as a matter of right, from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case, may be reviewed.

"SEC. 282. An appeal from a judgment in a criminal action may be taken in the manner and in the cases prescribed in this article.

"SEC. 284. The appeal must be taken within two years' after the judgment is rendered, and the transcript must be filed within thirty days after the appeal is taken.

"SEC. 285. An appeal is taken by the service of a notice upon the clerk of the court where judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a, similar notice must be served upon the prosecuting attorney. . . .

"SEC. 287. An appeal to the supreme court from a judgment of conviction does not stay the execution, except when the judgment is for a fine, or fine and costs, only.

"SEC. 294. An appeal shall not be dismissed for any informality or defect in the taking thereof. If the same be

corrected in a reasonable time after an appeal has been dismissed, another appeal may be taken."

Now while "an appeal is taken by the service of a notice upon the clerk," etc., yet this court has always held that the appeal is not so perfected as to give the supreme court jurisdiction to hear and determine the case until a transcript of the case is filed in the supreme court; and that if a transcript is not filed in the supreme court within thirty days after the notice of appeal is given, the appeal is lost, and the case cannot be heard upon that appeal. (*The State v. McEwen*, 12 Kas. 37.) This court has always held, that as the mere giving of the notice of appeal does not complete and perfect the appeal, a valid appeal may afterward be taken by giving other notices of appeal and by filing a transcript of the case in the supreme court within thirty days after such other or last notices are given. (*The State v. Teissedre*, ante, p. 210.) The judges of this court, at chambers, have severally held that proceedings in the district court, even in cases of misdemeanor and where a fine only is imposed, are not stayed by taking appeals to the supreme court until the transcripts of cases are filed in the supreme court. No written opinion, however, has been delivered in any one of these cases, and the cases have not been reported. The case last cited, however, announces what has really been the opinion of the judges of this court upon this question. That portion of the above case which more especially applies to this case, reads as follows:

"To perfect an appeal and give this court jurisdiction in a criminal action to review the decision of the trial court or some intermediate order thereof, not only is service of the notice of the appeal on the clerk and prosecuting attorney requisite, but this is to be supplemented by the filing of the transcript within thirty days after the service of the notice, (*The State v. McEwen*, 12 Kas. 37; *McLean v. The State*, 28 id. 373;) and that until the transcript is filed in this court there can be no suspension of the judgment of the district court or any stay of execution of that court, even when the judgment is for a fine only, as the appeal is in no condition to be heard or disposed of upon its merits."

Counsel for the petitioner in this case were aware, at the time of making the present application for the writ of *habeas corpus*, of the opinions of the judges of this court, and also of the opinions of the court itself as heretofore expressed; but as none of the opinions of the judges at chambers had been reported, or even delivered in writing, and as there had been no decision of the court covering the exact facts of this case, counsel hoped to convince the court that all proceedings in the district court in this case were stayed from and after the time when the defendant — who was convicted of a misdemeanor only—gave his notices of appeal; and hence he made the present application for a writ of *habeas corpus.* The attorney general has also filed an able and elaborate brief upon the same subject in the case of *The State v. Teissedre,* ante, p. 213, in which brief the attorney general claims that an appeal is completed and perfected at the time when the notices of appeal are given, and that if the transcript is not filed within thirty days after the appeal is taken, the appeal is lost, and no other appeal can ever again be taken in that case. The attorney general seems to recognize the fact that the *defendant* should file the transcript where the appeal is taken by him; yet the statute does not say so; and why the defendant should file the transcript if his appeal is already completed and perfected, the attorney general has not informed us. Section 281 of the criminal code provides that "*upon the appeal,* any decision of the court, or intermediate order, made in the progress of the case, may be reviewed." This of course *may* be done, and *must* be done where the appeal is *completed and perfected,* or in the language of the statute, "upon the appeal," that is, "*upon*" a completed and perfected appeal; but can it be done before any transcript is filed in the supreme court? and if not, is the appeal completed and perfected before any transcript is filed in the supreme court? Section 294 of the criminal code also provides that "after an appeal has been dismissed [for irregularities in taking the same] another appeal may be taken." We must adhere to our former opinions upon these questions; and adhering to such opinions, we

think it follows that both the attorney general and the counsel for the petitioner in this case are in error. And we think it also follows that the proceedings in the district court in the present case were not stayed at the time when the notices of appeal were given, and that they will not be stayed, and cannot be stayed, until the transcript of the case is filed in the supreme court. This disposes of the present case; but we might further say, that it is doubtful whether the present case comes within the provisions of § 287 of the criminal code, and therefore doubtful whether the proceedings would be stayed even if the transcript were filed. That section, in effect and by implication, operates to stay execution in the district court only in certain cases and upon certain conditions. It does not reach to all kinds of criminal cases, nor to criminal cases without regard to the punishment. It does not stay execution in any case of felony, or in any case where the punishment is something more than a fine and costs. It operates to stay execution only where "the judgment is for a fine, or fine and costs, only;" and even this it does only by implication. Does it stay execution where the judgment is for a fine and costs *and that the defendant shall stand committed to the county jail until such fine and costs are paid?* We do not think that it is necessary in the present case to answer this question; but we would merely again call attention to the fact that the petitioner in this case was adjudged to stand committed to the county jail until the fine and costs were paid.

As no transcript has been filed in this court in the present case, we clearly think that the execution of the judgment in the district court is not stayed; and therefore, that the petitioner is not entitled to his writ of *habeas corpus.*

All the Justices concurring.