THE CITY OF MILTONVALE V. S. C. LANOUE.—*In the Matter of the Petition of* S. C. LANOUE *for a writ of Habeas Corpus.*

1. ENTIRE JUDGMENT, *Suspended by Appeal.* The defendant was convicted first before a police judge, and afterward in the district court, for violating an ordinance of a city of the third class, and he then appealed to the supreme court. The sentence was that "he should pay a fine and the costs of suit, and that he stand committed to the jail of the county until the amount of said fine and costs shall be paid." *Held,* That the entire judgment of the district court, including that portion providing for the imprisonment of the defendant in the county jail, is suspended pending the appeal in the supreme court.

2. IMPRISONMENT; *Order, Not Erroneous.* And *further held,* in such case, that the order of the district court providing for the imprisonment of the defendant in the county jail, which order is in compliance with §1 of chapter 84 of the Laws of 1879, (Comp. Laws of 1879, ¶ 943,) is not erroneous, notwithstanding §66 of the act relating to cities of the third class, and notwithstanding the fact that the ordinance provided for imprisonment in the city jail and not in the county jail.

*Appeal from Cloud District Court.—Original Proceedings in Habeas Corpus.*

THE opinion states the facts.

*L. J. Crans,* and *S. D. Houston,* for appellant.

*J. W. Sheafor,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: Two cases, arising substantially out of the same facts, have been presented to this court. It appears that on February 12, 1885, a prosecution was commenced before the police judge of the city of Miltonvale, a city of the third class in Cloud county, in the name of the city, and against S. C. Lanoue, for an alleged violation of a city ordinance prohibiting the sale of intoxicating liquors. The com-

plaint contained two counts. The defendant was tried and convicted on both counts, and afterward appealed to the district court, where he was again tried and convicted on both counts; and it was adjudged that—

"He pay a fine of $100 on the first count in said complaint, and a fine of $100 on the second count in said complaint, and the costs of this prosecution, taxed at $281.20, and that he stand committed to the jail of Cloud county, Kansas, until the amount of said fine and costs shall be paid; and hereof let execution issue."

The defendant then appealed to the supreme court, and completed his appeal on July 21, 1886, by filing in the supreme court a transcript of the proceedings of the courts below. On July 27, 1886, the defendant applied to the supreme court for a writ of *habeas corpus*, alleging that he was unlawfully restrained of his liberty by Edward Marshall, sheriff of Cloud county, Kansas, in pursuance of the foregoing judgment and order. The writ of *habeas corpus* prayed for was allowed and issued, and the sheriff made a return thereof, admitting that he restrained the defendant of his liberty in pursuance of said judgment and order up to July 27, 1886, when he released him from his custody, in pursuance of an order from the supreme court.

The defendant now claims, (1) that the court below erred in ordering that he be committed to the county jail, and indeed he claims that the court below had no jurisdiction to make any such order; and he further claims, (2) that even if the court below had jurisdiction to make any such order, and even if the order when made was valid and proper, still that when the defendant appealed to the supreme court, the appeal had the effect to suspend such order, and indeed to suspend the entire judgment of the district court pending the appeal, and that the defendant was then entitled to be discharged from custody until the appeal should be determined, and finally unless the judgment of the district court should be affirmed.

We shall consider the last question first. We think the defendant is entitled to be discharged from custody pending his

**1. Entire judgment, suspended by appeal.** appeal in the supreme court. We have previously had occasion to examine this question, and have decided it in other cases, although no written opinion has ever before been delivered. Where the payment of a fine and the costs of suit are imposed upon the defendant, it is always the duty of the trial court to order "that the defendant stand committed to the city prison, or the jail of the county in which the judgment is rendered, until the judgment is complied with." (Laws of 1879, ch. 84, §1; Comp. Laws of 1879, ¶ 943. See also Crim. Code, §251; also Comp. Laws of 1879, ch. 83, ¶ 4876.) And always where an appeal is taken in such a case, the judgment itself with regard to the fine and costs is suspended pending the appeal. (*The State v. Volmer*, 6 Kas. 379, 384.) Indeed it is a general rule that an appeal suspends the judgment or order appealed from, and everything connected therewith, unless the statute in express terms or by the clearest of implications provides otherwise; and there is no statute providing otherwise in the present case. In an ordinary criminal prosecution, where imprisonment is imposed upon a defendant as a part of the punishment, then the statute provides that there shall be no stay of the execution of the judgment pending the appeal. (Crim. Code, §287) But there is no statute providing that there shall be no stay where the judgment imposes only a fine and costs. Hence a judgment imposing only a fine and costs must be stayed pending an appeal. And if the judgment for the fine and costs is to be stayed, it would seem to follow that all incidents thereof, all judgments or orders having for their object merely the enforcement of the judgment for the fine and costs, should also be stayed or be suspended pending the appeal. And clearly, we think, such is the case.

The imprisonment fixed by the trial court in cases of this kind is not for the purpose of punishment, but like the issuing of an ordinary execution, is resorted to merely as a means of enforcing the judgment for the fine and costs. (Comp. Laws of 1879, ch. 19a, ¶¶ 928, 943, 944; *In re Boyd*, 34 Kas. 573.) Now if the imprisonment in cases of this kind

is resorted to only for the purpose of enforcing the judgment for the fine and costs, and if the judgment for the fine and costs is suspended pending the appeal, it would be improper during such suspension to imprison the defendant, or to issue an execution against him. It would be improper to imprison him for the purpose of requiring him to do something which for the time being he is not required to do. It would be improper to imprison him for the purpose of requiring him to pay a fine or costs when for the time being he could not legally or properly be required to pay the same. But if he should pay the fine and costs for the purpose of avoiding the imprisonment, then what would become of his appeal? From the time of such payment his appeal would be valueless. Pending the appeal in the supreme court, we think the entire judgment is suspended — that with regard to the imprisonment, as well as that with regard to the payment of a fine or costs. The doubt expressed in the case of *In re Chambers*, 30 Kas. 455, was there inserted in deference to the opinion of an able and learned district judge of this state; but after a careful examination of the entire question, we are of the opinion that there is not much room for such doubt.

The only other question presented in this case is, whether the court below erred in ordering that the defendant be committed to the county jail of Cloud county until the fine and costs adjudged against him should be paid. We do not understand that it is claimed by the defendant that the ordinance under which the defendant was convicted and sentenced is invalid or void; indeed, we think he admits that it is valid; and that it is valid we would refer to the case of *Franklin v. Westfall*, 27 Kas. 614. But the defendant claims that there was no authority for the court below to commit the defendant to the county jail; that if there was any authority to commit him at all, it was to the jail of the city of Miltonvale, and not to the jail of Cloud county. Now this is a question of but slight importance; for if the court below had the power to commit the defendant to the jail of the city, and not to the jail of the county, then we could order that the judgment of

the court below be modified and corrected to that extent; but is not the judgment of the court below correct? It is true that § 66 of the act relating to cities of the third class, which took effect April 3, 1871, provides among other things that cities of the third class shall have the power to pass ordinances for the confinement of persons in the city prison who may fail to pay fines, forfeitures, etc., and does not mention the county jail. (Comp. Laws of 1879, ¶ 928.) And it is also true that the ordinance under which the defendant was convicted provided for the imprisonment of violators of the ordinance in the city jail, and did not provide for imprisonment in the county jail. But § 1 of chapter 84 of the Laws of 1879, which amends chapter 81 of the act relating to cities of the third class, and which took effect *on March 15, 1879,* provides, as already stated, that in cases of this kind "it shall be part of the judgment that the defendant stand committed to the city prison *or the jail of the county* in which the judgment is rendered until the judgment is complied with." From this section it clearly appears that the court in rendering the judgment has a discretion whether to commit the defendant to the city prison, or to commit him to the county jail; and this statute, being the last expression of the will of the legislature upon the subject, must govern; and we do not think that the city or the city council has the authority by ordinance or otherwise to take away this discretion from the court trying the cause. Besides, it does not appear that there was any city jail in existence at Miltonvale at the time the judgment in this case was rendered. From anything appearing in the case, there may not have been any such city jail; or if there was, then it may not have been in a suitable condition for the confinement of prisoners in it. In all probability, the court below exercised a proper judicial discretion in committing the defendant to the county jail, and therefore we cannot reverse or modify its judgment because of any supposed abuse of judicial discretion.

2. Imprisonment; order not erroneous.

In the case brought to this court on appeal, the judgment of the court below will be affirmed.

In the *habeas corpus* case it is adjudged in favor of the defendant that the imprisonment from July 21, 1886, to July 27, 1886, was illegal, and that from July 21, 1886, up to the present time the defendant has been entitled to his liberty; but, as the defendant's appeal has now been determined and adjudicated against him, his right to his liberty has also terminated. From this time on, until the fine and costs shall be paid, any imprisonment to enforce the payment of such fine and costs may be legal. The defendant will be remanded to the custody of the sheriff until such fine and costs are paid.

All the Justices concurring.