## THE STATE OF KANSAS v. NICK CHILES.

No. 12,843. (67 Pac. 884.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Defective Information.* An information for the offense of maintaining the nuisance of a place where intoxicating liquors are illegally sold must allege concurrence of time in the keeping of the place and the sale of the liquors; hence, an information which charges that, at a time in the past, the defendant kept a place where liquors "are sold," is bad.

Appeal from Shawnee district court; Z. T. HAZEN, judge. Opinion filed February 8, 1902. Reversed.

*A. A. Godard*, attorney-general, *J. S. West*, and *Galen Nichols*, county attorney, for The State.

*G. C. Clemens*, for appellant.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal from a conviction of the offense of maintaining the nuisance of a place where intoxicating liquors were sold in violation of law. The only claim of error made is that the information did not state facts sufficient to show the commission of an offense. The following, omitting the entirely formal allegations, is the information :

"That Nick Chiles, at the county of Shawnee, in the state of Kansas, on the ―― day of September, A. D. 1897, and on divers other days and times before and after said ―― day of September, A. D. 1897, did then and there unlawfully keep and maintain a room in the dining-hall building in the fair-grounds, the same being a place where spirituous, malt, vinous, fermented and other intoxicating liquors are sold, bartered, delivered, and given away ; and the same being a place where persons are permitted to resort for the purpose of drinking intoxicating liquors

as a beverage, and the same being a place where spirituous, malt, vinous, fermented and other intoxicating liquors are kept for use, gift, sale, barter, and delivery,'' etc.

The specific objection to the information is that it fails to state concurrence of time in the two acts which together constitute the offense which it was sought to charge. It fails to state that the keeping of the room described and the illegal sale of the liquors were contemporaneous. One act is laid in the past tense, the other in the present. The charge is that the defendant at a *past* time kept a room where intoxicating liquors are *now* sold. The defendant therefore is not charged with the act of selling the liquors or countenancing their sale; he is charged only with having once kept a room in which they are now sold. The objection might seem to be technical, but it is not. It is meritorious. Offenses must be charged in the past tense. There must be a completed violation of law before an information can be filed. To assign the day of the offense as that of the finding of the indictment is bad. (Whart. Crim. Pl. § 120.) The case of *The State v. Cooper*, 31 Kan. 505, 3 Pac. 429, recognizes the rule stated. In that case an offense was properly charged in the past tense, but the alleged date of its commission was a day in the future. The district court permitted an amendment. Upon appeal to this court, the action of the lower court was ruled on as though the making of the amendment was necessary to the correct charging of the offense.

The judgment of the court below is reversed, with directions to sustain the motion to quash the information.

SMITH, POLLOCK, JJ., concurring.