THE STATE OF KANSAS v. C. E. SIMMONS.

No. 12,973.   (68 Pac. 636.)

THE STATE OF KANSAS v. BEN. HORNBECK.

No. 12,974.   (68 Pac. 636.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Time for Filing Transcript on Appeal.* Section 2 of chapter 127, Laws of 1889 (Gen. Stat. 1901, § 5725), relates solely to the matter of obtaining a stay of execution of judgments in criminal cases, and does not serve to extend the time within which a transcript on appeal to this court must be filed; hence, where such transcript was not filed within thirty days after the appeal had been taken, as provided in section 284 of the criminal code (Gen. Stat. 1901, § 5722), it was not in time, and the appeal must be dismissed.

Appeals from Pawnee district court; J. E. ANDREWS, judge. Opinion filed April 5, 1902. Dismissed.

*A. A. Godard,* attorney-general, and *George W. Finney,* county attorney, for The State.

*H. S. Rogers, Temple Houston,* and *D. P. Marum,* for appellants.

The opinion of the court was delivered by

CUNNINGHAM, J.: The state moves to dismiss the appeals in these cases for the reason that the transcripts were not filed in this court within thirty days after the appeals were taken. The appellants grant that the transcripts were not filed in thirty days, but claim that they have ninety days instead of thirty within which to file them. This claim calls upon us for a consideration of the provisions of the statute.

Section 284 of the criminal code (Gen. Stat. 1901, § 5722) provides: "The appeal must be taken within two years after the judgment is rendered, and the transcript must be filed within thirty days after the appeal is taken." The next section provides that an appeal may be taken by the service of a notice on the clerk of the court where the judgment was rendered, and, if by the defendant, by the service of a similar notice on the prosecuting attorney. These two statutes stand now as they were originally enacted in the General Statutes of 1868.

Prior to 1889, section 287 (Gen. Stat. 1901, § 5725) provided for a stay of execution of judgment in criminal cases appealed to the supreme court, but limited such stay to cases where judgment had been rendered for a fine or for fine and costs only. By chapter 127 of the Laws of 1889 (Gen. Stat. 1901, § 5725) this sec-

tion was amended so as to include all other cases, placing, however, certain restrictions around the matter of obtaining a stay of execution in such cases. Among these restrictions is the following, found in the concluding clause of that section :

"And provided further, that the appellant availing himself of the benefits of this act (*i. e.*, chapter 127, Laws of 1889, which related solely to the stay of judgments) shall take his appeal within thirty (30) days after the judgment is rendered, and shall file the transcript with the clerk of the supreme court, and shall make his application to the supreme court or justice thereof within ninety (90) days after the appeal is taken."

It seems clear that these provisions of section 287 do not serve to enlarge the time within which a transcript must be filed as laid down in section 284. Section 287 simply deals with the matter of stay of execution, and provides that if a defendant wishes to obtain such stay he must take his appeal and file his transcript within thirty days after the judgment is rendered, and must, also, within ninety days after such appeal is taken, make his application to the supreme court, or a justice thereof, for an order granting such stay. Section 287 does not purport to change the rule laid down in section 284, except that should the defendant wish the benefit of a stay of execution he must take his appeal as well as file his transcript within thirty days after judgment, and then within ninety days make his application. Of course, if a defendant does not wish a stay, he may take the time indicated in section 284 to perfect his appeal.

The transcripts in these cases not having been filed within thirty days after the appeals were taken, they are not properly here, and must be dismissed.

JOHNSTON, POLLOCK, JJ., concurring.