THE STATE OF KANSAS v. J. E. YOUNGBERG.

No. 14,121.    (78 Pac. 421.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT — *Bill of Exceptions Not Reviewable unless Signed within Specified Time.* Where a defendant, upon conviction of a misdemeanor, is given sixty days in which to prepare a bill of exceptions, and within that time the same is presented to the judge for allowance, but is not allowed and signed until after the expiration of the time given, it is *held,* that it is not allowed and signed in time and cannot be reviewed by the supreme court.

2. INTOXICATING LIQUORS — *Information.* Where an information charges the keeping and maintaining of a common nuisance, and the day the information was verified and filed is included within the time of charging the offense, it is not error to overrule a motion to quash.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed November 5, 1904. Affirmed.

*C. C. Coleman,* attorney-general, *Walter Pleasant,* county attorney, and *W. B. Pleasant,* for The State.

*Deford & Deford,* for appellant.

The opinion of the court was delivered by

ATKINSON, J.: J. E. Youngberg was found guilty of maintaining a nuisance, and sentenced to thirty days in the county jail and to pay a fine of $200 and costs of the prosecution. He appeals to this court.

The state challenges the sufficiency of the record and the right of appellant to be heard. It appears that on the day sentence was pronounced, April 23, 1904, defendant was given sixty days to prepare a bill of exceptions, which on June 20, 1904, was tendered to the judge, and on June 24, 1904, the same was allowed and signed. Although it was presented to the district judge within the sixty days allowed by the order, more than the sixty days elapsed before it was allowed and signed.

It is contended by defendant that the presenting of a bill of exceptions to the judge within the time allowed is a compliance with the order; that the defendant has then done all that he can, and all that can be required of him. This contention is not good. It is not sufficient that the bill of exceptions be presented to the judge to be allowed and signed within the time given. Defendant's duty does not end there. He is charged with diligence in the premises. To present a bill of exceptions to the judge and give it no further attention, relying upon its being allowed and signed within the time given, is not sufficient. The judge should be given time to review it. If he have not time to do so within the period given, an extension of the order should be obtained. If he refuse to allow and sign the bill, defendant has his remedy

in mandamus. Whatever the situation, defendant must be diligent to protect and consummate his appeal, and no such diligence is here shown. The bill of exceptions was not allowed and signed in time.

. The state assigns as a further reason why the record in this case cannot be reviewed that the transcript was not filed in this court within ninety days after the rendition of the judgment, as provided by chapter 389, Laws of 1903. Since, for the reason first assigned, so much of the record as is embodied in the bill of exceptions cannot be reviewed, a discussion of the second reason is unnecessary. A discussion of that question will be found in *Youngberg v. Smart*, immediately following, which is a proceeding in mandamus growing out of this case, and submitted with it.

The portion of the record embodied in the bill of exceptions not being reviewable, only one of the errors assigned by appellant can be reviewed. The information charged, in substance, that defendant's building is, and continuously for more than two years last past, up to and including the 5th day of September, 1903, has been, kept and maintained by defendant as a common nuisance. The information was verified and filed, defendant arrested, and let to bail, all on September 5, 1903. Defendant moved to quash the information. It is the contention of appellant that the information charged the offense of keeping and maintaining a common nuisance in the past, the present, and the future, and is bad. Error is assigned that the trial court overruled defendant's motion to quash. It is claimed that the court should have sustained the motion on the authority of *The State v. Chiles*, 64 Kan. 453, 67 Pac. 884.

The same question was raised in *Manhattan v. Holbert*, 65 Kan. 861, 70 Pac. 1130, which was a prose-

cution for keeping and maintaining a common nuisance in violation of the ordinances of the city of Manhattan. The complaint there charged the offense on the 31st day of March, 1902, when the complaint was verified and filed. In passing upon that case this court said:

"The allegations of the complaint do not fall within the rule laid down in *The State v. Chiles*, 64 Kan. 453, 67 Pac. 884. In that case the complaint did not charge the keeping of the place at the time the liquors were sold. Here the complaint alleges that on the day of the verification and filing of the complaint the appellant kept and maintained a common nuisance. The case is distinguishable from *The State v. Chiles, supra*."

That case is decisive of the question raised in this one. The court committed no error in overruling the motion to quash, and the judgment is affirmed.

All the Justices concurring.