J. E. YOUNGBERG v. CHARLES A. SMART, *as Judge of the District Court.*

No. 14,153. (78 Pac. 422.)

SYLLABUS BY THE COURT.

1. MANDAMUS—*Criminal Appeal—Writ to Compel Trial Judge to Stay Execution Denied.* Where a defendant convicted of a misdemeanor appeals to the supreme court under section 1 of chapter 389, Laws of 1903, the transcript must be filed in the supreme court within ninety days after the rendition of the judgment to entitle defendant to a stay of execution pending the appeal; and where it is not so filed, and execution has issued to satisfy the judgment, mandamus will not lie to compel the trial judge to make an order staying execution.

2. CRIMINAL APPEAL—*Act of 1903 Construed.* The pronouncement of a judgment of conviction constitutes the rendition of the

judgment, within the meaning of chapter 389, Laws of 1903, which allows ninety days after the rendition of a judgment for filing a transcript on appeal from the conviction of a misdemeanor, and grants the defendant a stay of execution.

Original proceeding in mandamus. Opinion filed November 5, 1904. Peremptory writ denied.

*Deford & Deford*, for plaintiff.

*Walter Pleasant*, for defendant.

The opinion of the court was delivered by

ATKINSON, J.: This is an original proceeding in mandamus to compel Charles A. Smart, as judge of the district court, to grant a stay of execution in the case of *The State v. Youngberg*, immediately preceding, 78 Pac. 421. Youngberg was found guilty in the district court of Franklin county of maintaining a nuisance, and sentenced to thirty days in the county jail and to pay a fine of $200 and costs of the prosecution. He appealed from the judgment of conviction. The transcript not being filed in the supreme court within the time required to stay execution, the state caused execution to issue against the person and property of Youngberg to satisfy the judgment. The latter made application to the Honorable Charles A. Smart, judge of the district court, for an order staying execution, which was denied. Upon the application of Youngberg for a writ of mandamus to compel the defendant to stay the execution an alternative writ was allowed.

Defendant filed his answer, or return, therein alleging in detail the trial and conviction of plaintiff; the taking of an appeal; the failure to file the record in the supreme court within ninety days from the rendition of the judgment; and it averred that for the

reasons stated defendant had no jurisdiction to make an order staying execution.

Testimony was taken by deposition upon the issues joined.  It appears that, at the time of his arrest, Youngberg gave a continuing bond for his appearance in the district court from day to day and from time to time until the final disposition of the case.  It further appears that on the day judgment was rendered, April 23, 1904, Youngberg gave notice of appeal, gave the statutory appeal bond, and was given sixty days to prepare a bill of exceptions.  No transcript was filed in the supreme court until July 26, 1904.

The state, believing that Youngberg had not filed his appeal in time to entitle him to a stay of execution, within the meaning of chapter 389 of the Laws of 1903, caused execution to issue against the person and property of defendant to satisfy the judgment.  Upon the application for a stay of execution, the trial judge refused to grant the order, on the ground that the transcript had not been filed in the supreme court within the ninety days provided by law, and, hence, that he had no jurisdiction.  It also appears that while the judgment of conviction in *The State v. Youngberg, supra,* was rendered on April 23, 1904, it was not entered of record upon the journal of the court until the 28th day of April—five days after it was pronounced.  It is the claim of plaintiff that a judgment of conviction is not rendered until it is regularly entered upon the records of the court, and that the time for filing the transcript in the supreme court began to run April 28, the day the judgment was entered of record, and not April 23, the day the judgment of conviction was pronounced.

There are but two questions in this case to be de-

termined : (1) Can stay of execution be granted on
a judgment of conviction in misdemeanors, under
section 1 of chapter 389, Laws of 1903, if the record
be not filed in the supreme court within ninety days
from the date of its rendition? (2) Is the pronounce-
ment of a judgment the rendition of the judgment,
within the meaning of said section 1? The section
reads :

"An appeal to the supreme court from a judgment
of conviction shall stay the execution when the judg-
ment is for a fine or fine and costs only. In misde-
meanor cases, the execution of the judgment shall be
stayed by the order of the court trying the case or the
judge thereof, upon the appellant giving bond in such
sum as said court or judge shall prescribe, said bond
to be approved by the clerk of said court, and the stay
shall be granted on serving the usual notice of ap-
peal, and the transcript may be filed in the supreme
court at any time within ninety days after the ren-
dition of the judgment, and not otherwise. If the
transcript is filed within the prescribed time, then the
stay shall continue to be in force until the case is
finally disposed of in the supreme court, but not oth-
erwise. In felony cases, the execution of the judg-
ment or sentence shall be stayed by the judge of the
trial court wherein the conviction was had, pending
the time given by said trial judge or court to the de-
fendant for the making and filing a bill of exceptions,
or by the order of the supreme court or any justice
thereof, upon the appellant giving bond in such sum
as said trial court or supreme court shall prescribe,
said bond to be approved by said trial court, or the
supreme court or any justice thereof. During the
time given for the making and filing a bill of excep-
tions, the defendant shall remain in the custody of
the sheriff, unless otherwise ordered by the trial court
or supreme court ; provided, that when the conviction
is for an offense not bailable, the trial court or supreme
court or the justice thereof shall make an order for
the safe-keeping of the appellant in the jail of the
county in which the offense was tried, but in case of

no sufficient jail in such county, then in the jail in the county nearest having a sufficient jail; provided further, that the appellant availing himself of the benefit of this act shall take his bill and file the transcript with the clerk of the supreme court within two years from the rendition of the judgment or such sentence.''

The act is very inartistically drawn, and for that reason has been the source of much trouble to the courts and the profession.   While some of its provisions have the appearance of applying to, and providing for, the time within which an appeal may be taken, it could not have been the intention of the legislature, as that subject is not embodied in the title of the act. The mere fact that that subject is not embodied in the title of the act would preclude the application of its provisions to the time within which an appeal may be taken.   Therefore, the act does not, nor could it have been intended to, limit the time provided by section 284 of the criminal code (Gen. Stat. 1901, § 5722) for the taking of an appeal in criminal cases.   The title of the act, however, does disclose that it has for its object and purpose the stay of execution in criminal cases.   It is quite apparent, too, that the act was intended to have application to a stay of execution in both misdemeanors and felonies.   The right to an appeal and the time within which it may be taken are entirely distinct from the right to a stay of execution pending an appeal.   The two should not be confused.   It is only necessary in this case, however, to apply the provisions of the act in so far as they provide for a stay of execution in misdemeanors.

It is also the claim of plaintiff that in misdemeanors the stay of execution provided by chapter 389, *supra*, applies if the transcript be filed in the supreme court at any time within two years after judgment of conviction.   To this claim we cannot

agree. That provision evidently applies to a stay of execution in felonies. The act, as intended to apply to a stay of execution in misdemeanors, uses the following language :

"The transcript may be filed in the supreme court at any time within ninety days after the rendition of the judgment, and not otherwise. If the transcript is filed within the prescribed time, then the stay shall continue to be in force until the case is finally disposed of in the supreme court, but not otherwise."

The language used is intended to apply to the time within which the transcript must be filed to entitle appellant to a stay of execution from a judgment of conviction of a misdemeanor. If it be not filed in the supreme court within ninety days after the rendition of the judgment of conviction there can be no stay of execution pending the appeal.

As has been observed, the law relating to a stay of execution in criminal cases (Laws 1903, ch. 389) provides that the record in misdemeanors must be filed in the supreme court "within ninety days after the rendition of the judgment." It will also be observed that the law relating to the time within which an appeal may be taken in criminal cases (Crim. Code, § 284 ; Gen. Stat. 1901, § 5722) provides that the appeal must be taken "within two years after the judgment is rendered." This court, in *Brown v. Clark, Adm'x*, 31 Kan. 521, 3 Pac. 415, construed a similar provision of the civil code (Laws 1881, § 2 ; Gen. Stat. 1901, § 5042) relating to civil cases on proceedings in error. Said section 5042 provides that proceedings to review must be commenced "within one year after the rendition of the judgment." In that case the right of the court to review the record was challenged on the ground that it had not been filed in the supreme court within one year from the date of the *rendition* of

Youngberg v. Smart.

the judgment.  The trial, the verdict and the judgment were all on August 24, 1881.  There was no journal entry of the judgment made at that time, and not until December 19, 1882, when, upon motion and notice, a journal entry of the proceedings was entered *nunc pro tunc.*  The petition in error was filed December 10, 1883.  The motion to dismiss the proceeding in error was sustained.  The court said : ''The petition in error must be filed within one year after the *rendition* of the judgment, not within one year after the time a journal entry thereof is in fact made.''

It is urged by plaintiff that a different rule should be applied in criminal cases for the reason that a judgment of conviction can only be appealed from after it has been entered of record.  Plaintiff offers the distinction between proceedings in error and proceedings on appeal in support of his contention that the rule as applied in *Brown v. Clark, supra,* should not be applied to criminal cases.  True, a proceeding in error is a distinct action, and a proceeding on appeal is not.  Although, as suggested, it may not be necessary to a case-made that the judgment shall have been entered of record, inasmuch as a recital in the case-made of the judgment as pronounced by the court would be sufficient, yet a proceeding in error by transcript can only be possible where the judgment has been entered of record.  There seems to be no good reason why the rule announced in *Brown v. Clark, supra,* should not be followed in criminal appeals.

The record in the case of *The State v. Youngberg, supra,* was not filed in the supreme court within ninety days after the *rendition* of the judgment of conviction, and, hence, the appellant in that case, plaintiff herein, was not entitled to a stay of execution pending the appeal.  A peremptory writ of mandamus is denied.

All the Justices concurring.