### THE STATE OF KANSAS v. A. CHILBERG.

No. 16,242.

#### SYLLABUS BY THE COURT.

CRIMINAL LAW—*Appeal—Time of Filing Transcript of the Record.* Section 287 of the criminal code, even as now amended (Laws 1903, ch. 389, § 1), relates solely to the manner of procuring a stay of execution, and does not change the rule that in order to procure a review of a judgment in a criminal case the appellant must file in this court a transcript of the record within thirty days after giving notice of an appeal.

Appeal from Saline district court; ROLLIN R. REES, judge. Opinion filed April 10, 1909. Dismissed.

5—80 KAN.

*Fred S. Jackson,* attorney-general, *Charles D. Shukers,* special assistant attorney-general, and *Frank T. Knitle,* county attorney, for The State.

*David Ritchie,* and *George D. Abel,* for the appellant.

The opinion of the court was delivered by

MASON, J.: A. Chilberg was convicted of a misdemeanor, and appeals. The state moves to dismiss the proceeding because he failed to file his transcript in this court within thirty days after he gave his notice of appeal. He maintains that the present statute allows him a longer time for that purpose.

A part of section 284 of the criminal code, which has never in terms been repealed or amended, reads: "The transcript must be filed within thirty days after the appeal is taken." Under this it is held that although a defendant may serve successive notices of appeal, the one on which he finally relies (which may be filed at any time within two years after the judgment), in order to be effective, must be followed within thirty days by the filing of a transcript of the record in this court. (*The State v. McEwen,* 12 Kan. 37; *The State v. Caton,* 71 Kan. 855.) In 1889, in amending section 287 of the criminal code, relating to a stay of execution, the legislature inserted therein these words:

"The appellant availing himself of the benefits of this act shall take his appeal within thirty (30) days after the judgment is rendered, and shall file the transcript with the clerk of the supreme court, and shall make his application to the supreme court, or justice thereof, within ninety (90) days after the appeal is taken." (Laws 1889, ch. 127, § 2.)

It was held that the section as so amended related solely to the matter of obtaining a stay of execution, and that it did not extend the time within which the transcript could be filed. (*The State v. Simmons,* 64 Kan. 795.) In 1903 the section was further amended, and this proviso was substituted for that above quoted:

"Provided further, that the appellant availing him-

self of the benefit of this act shall take his bill [appeal] and file the transcript with the clerk of the supreme court within two years from the rendition of the judgment or such sentence." (Laws 1903, ch. 389, § 1.)

And this provision was inserted: ·

"In misdemeanor cases, the execution of the judgment shall be stayed by the order of the court trying the case or the judge thereof, upon the appellant giving bond in such sum as said court or judge shall prescribe, said bond to be approved by the clerk of said court, and the stay shall be granted on serving the usual notice of appeal, and the transcript may be filed in the supreme court at any time within ninety days after the rendition of the judgment, and not otherwise. If the transcript is filed within the prescribed time, then the stay shall continue to be in force until the case is finally disposed of. in the supreme court, but not otherwise." (Laws 1903, ch. 389, § 1.)

In *Youngberg v. Smart,* 70 Kan. 299, it was said of the section in its present form that it was not intended to change the time for taking an appeal as limited by section 284. And upon that theory a number of motions similar to that now under consideration have since been sustained with a mere reference to that case. The court is now asked to reëxamine the question, on the ground that the expression referred to did not amount to a decision and that no formal opinion has been announced on the subject. To end any doubt that may be thought to remain in the matter we now definitely decide, in line with the previous intimation, that nothing in the present section relating to the stay of execution alters the rule that in order to obtain a review of the judgment in a criminal case the appellant must file in this court a transcript of the record within thirty days after giving his notice of appeal. The force of the two extracts quoted from the section in its present form is that in order to procure a stay the defendant, besides giving a bond, must in misdemeanor cases file his transcript not only within thirty days, after serving his notice of appeal but also within ninety days after the

judgment is rendered, and must in all cases within two years after the judgment not only take his appeal but file his transcript as well. Nowhere in the section is anything said regarding the requirement as to the interval between the giving of notice of the appeal and the filing of the transcript, which therefore remains unchanged.

The case is dismissed.