The State v. Stout.

---

No. 24,979.

No. 24,534.

The State of Kansas, *Appellee*, v. Frank Stout, *Appellant*.

SYLLABUS BY THE COURT.

Criminal Law—*Conviction—Right of Appeal*. Under the statute providing that an appeal in a criminal case may be taken at any time within two years, and that the appeal is perfected upon the serving and filing of a notice of appeal, where an appeal properly taken is dismissed for want of prosecution, no subsequent appeal is authorized, although the two-year period has not expired.

Appeals from Lyon district court; William C. Harris, judge. Opinion filed May 12, 1923. Case No. 24,979 dismissed. Case No. 24,534 reinstated.

*Charles B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, *Roland Boynton,* county attorney, and *Owen S. Samuel,* of Emporia, for the appellee.

*W. S. Kretsinger, W. M. Smelzer, R. M. Hamer, W. C. Roberts,* and *O. T. Atherton,* all of Emporia, for the appellant.

*Per Curiam:* On March 8, 1922, Frank Stout was convicted of murder in the first degree. He appealed and the cause was twice continued on the application of the appellant. On April 3, 1923, the date to which the last continuance was taken, the appeal was dismissed for want of prosecution. On April 6, 1923, the papers in an attempted new appeal were filed in this court. The state moves to dismiss the second appeal on the ground that it is unauthorized by the statute.

Formerly an appeal in a criminal case was effected by giving a notice and within thirty days thereafter filing in this court a transcript of the record. Under that practice, if the transcript was not filed within the thirty days, a new notice might be given, the attempted appeal not having been perfected. (*The State v. Teissedre,* 30 Kan. 476, 2 Pac. 650.) Under the present law the appeal is complete when the notice is served and filed. (Crim. Code, § 282; Civil Code, § 569; *Schmuck v. Railway Co.,* 85 Kan. 447, 116 Pac. 818.) There is some conflict of view as to whether under such a statute a second appeal may be taken when the first has been dismissed for want of prosecution or under similar conditions. (3 C. J. 1046; 4 Enc. L. & P. 291.) We prefer and adopt the view that what is given the defendant by the present statute is the right to an appeal, to be taken within the time limited; that where an appeal is perfected and dismissed for want of prosecution the right has been exhausted and the defendant is not entitled to a second one. Otherwise a defendant by taking repeated appeals and having each dismissed before it was reached for hearing could procure a stay of execution for two years without giving the court an opportunity to determine whether any error had been committed against him. The motion to dismiss the second appeal is sustained.

In view of this ruling the defendant asks for a reinstatement of the former appeal. This motion is granted, upon conditions hereinafter stated, because the court in the exercise of its discretion is willing to restore to the defendant the privilege of having the judgment reversed if substantial error was committed against him, but not the privilege of having the judgment stayed pending the de-

termination of that question. The reasons for allowing an appeal and those for staying execution pending its decision are not entirely the same—they do not apply with equal force to the two privileges. Prior to 1889 section 287 of the criminal code made no provision whatever for a stay of execution where the sentence involved imprisonment. Then it was amended so that a stay might be had if the appeal was taken within 30 days after the judgment, but not otherwise, although the defendant could still appeal, as now, at any time within two years. (*Youngberg v. Smart,* 70 Kan. 299, 78 Pac. 422.) The former appeal will be reinstated, but only upon this condition—that the stay resulting from the proceedings formerly taken therein is set aside, the sheriff at once to take the defendant into custody and proceed with the execution of the sentence of imprisonment. The appeal will be set for hearing upon the merits at the July session.