People v. Ah Fong.

---

## PEOPLE v. AH FONG.

In the trial of a criminal case, the Court has no right to charge or instruct the jury orally, without the consent of the prisoner.   The fact that the Judge told the prisoner's counsel, after the charge was given, that he would put his charge in writing, if desired, does not help the case ; nor will it do to say that the instruction, as given, could do no harm ; for the very point of inquiry is, as to what the Court did charge.   The charge must be put in such shape as the prisoner can get the benefit of it.   He is entitled to stand on his strict legal rights, and has a right to avail himself of any errors to defeat the conviction ; nor is it necessary that he should except to the charge at the time it is given.

On motion for a new trial the prisoner may bring up any ruling of the Court which denies him the benefit of a statutory privilege like this.

APPEAL from the Thirteenth District, County of Mariposa.

This was an indictment and conviction for the crime of murder. The grounds of the appeal sufficiently appear in the opinion of the Court.

*Samuel A. Merritt* for Appellant.

The only error assigned is, that the Court charged the jury orally without the consent of parties. The District Judge having committed an error, tries to get out of it by attempting to state the charge as " nearly as could be remembered."

I submit, is it not almost an impossibility for a Judge to recollect, after a lapse of eleven days, all, or even substantially, his oral charge to a jury ? and that, too, in the midst of a crowded term of Court, where many other criminal cases are being tried daily, and where one case might easily be confounded with another, in the mind of the Judge ! The object of the statute, in requiring the charge to be in writing, is too evident to need argument ; and the proposition is so simple, that it seems almost impossible that a District Judge should be so *careless* as to neglect its provisions.

Again, the District Judge tries to get out of his position, by saying " that he distinctly stated to the counsel, that the said charge would be given in writing, if required, and there was no expression of dissent, nor was there any exception taken by either party." Counsel for People contend that this was a waiver on part of prisoner. Now it will be observed that the District Judge does not say when he made this statement, whether before or after he had given oral instructions. Certainly if he made this statement after he had committed the error, that statement could not cure it. Silence may give consent in some cases ; but certainly, in a criminal case, the waiver should be shown affirmatively by the record. People *v.* Beeler, 6 Cal. 246 ; People *v.* Demint, 8 Cal. 423 ; People *v.* O'Hara *et als.*, decided at this term of this Court.

*Attorney General* for Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

The defendant was convicted of murder. His counsel insist that

People *v.* Ah Fong.

there is error in the record of conviction, in this : That the Court charged the jury orally, without consent of the prisoner or his counsel. The charge is given in the statement of the Judge below, as he states, as nearly as can be remembered, and the Judge adds that he stated to the counsel that the charge would be given in writing, if required, and there was no expression of dissent, nor was there any exception taken by either party. The statute, for wise purposes, requires the charge of the Judge, in criminal cases, to be in writing. Every lawyer knows how difficult it is to obtain an exact account, in writing, of words spoken during a trial—especially a criminal trial. In such trials, the exact language used is often forgotten, or differently understood by different persons ; and, in the press of business, with his attention diverted to various matters, it is next to impossible for a Judge to remember, days after the trial, precisely what occurred during its progress. And yet, in such cases, the life of the prisoner may depend upon a single word or syllable, omitted or added. It will not do to say that the instruction, as given, could do no harm, whether given in writing or orally ; for the very point of inquiry is, what did the Judge charge ? The error is in not putting the instruction in such a shape as that the prisoner could certainly get the benefit of it, as the statute intended. If we assume that, whenever it is shown that the instruction was right, the prisoner cannot complain, it would result that the statute would be wholly inoperative and useless ; for if the instruction as given, be wrong, the prisoner could avail himself of the error, whether the charge be in writing or not. The principle of that case was decided in People *v.* O'Hara, at this term. We say in this case : " The right to have the instructions in writing, so as to preserve them in an authentic form, and to secure an entire accuracy of statement, is given by the statute, and there is no presumption indulged in criminal cases that any right is waived. The record must show the waiver. We think the policy is good ; and there can, or ought to be, no difficulty in the Court or District Attorney's seeing that the proper entry is made on the record, whenever this right is waived."

The fact that the Judge told the counsel he would put the instruction in writing, if desired, does not help the error. This was after the charge was given. The mischief intended to be prevented by the act

might have been partly done. The charge could not be orally given without the consent of the prisoner. He had given no such consent. He and his counsel were entitled to stand on their strict legal rights. They were not bound to assist in curing any errors of which they might avail themselves to defeat a conviction.

We presume, after the charge was given, they did not desire it to be in writing. The mere declination to insist on a right, in a criminal case, is not a waiver of that right. But it was not even that ; all that this failure, not to insist, amounted to, was a failure to request the Court to correct the error it had already committed. Nor is it so clear that the error could be corrected in that way; the object of the statute being to prevent mistake on the part of the jury, as to the law, as well as to preserve authentic evidence of the very language used to the jury in the charge. The prisoner was not bound to except at the time. The rule would be difficult in civil cases ; but in criminal cases, the prisoner, on motion for a new trial, may bring up any ruling of the Court which denies him the benefit of a statutory privilege like this. This was decided in effect in O'Hara's case, before referred to.

Judgment reversed and cause remanded for a new trial.