THE STATE OF KANSAS v. JOE BENNINGTON.

CRIMINAL CASE—*Instructions, How to be Given*—*Error.*  It is error for a trial judge to give a portion of his instructions to the jury orally, though they are taken down by the stenographer at the time, and afterward copied and delivered to the jury, on retiring, with the other instructions.

*Appeal from Barber District Court.*

THE opinion states the case.

*E. Sample*, and *Chester I. Long*, for appellant.

*L. B. Kellogg*, attorney general, for The State.

Opinion by STRANG, C.: This is an appeal from the judgment of the district court of Barber county.  The appellant, who was there charged with grand larceny, was tried, convicted, and sentenced to three years in the penitentiary.  He appeals to this court, and says the court below committed error in the trial of his case by giving a portion of its instructions to the jury orally.  The bill of exceptions shows that the court gave some of its instructions to the jury in writing, and some of them orally, which latter were taken down at the time by the stenographer, and afterward copied and delivered to the jury on retiring, with the other instructions.  Is this method of instructing a jury a compliance with § 236, criminal code, ¶ 5304, General Statutes of 1889 ?  We think not.  Paragraph 5304, so far as it relates to this question, reads as follows: "The judge must charge the jury in writing, and the charge shall be filed among the papers in the cause."

The requirement of the statute seems to be imperative, and there is no reason why it should not be followed.  It is argued by the attorney general that so far as this case is concerned, the statute was substantially complied with, because the portions of the charge which were given to the jury orally, were taken down by the stenographer and afterward copied and delivered to the jury with the other instructions, before they retired to

consider the case. The bill of exceptions shows that the portions of the charge given orally and afterward copied and delivered to the jury, were copied and delivered to the jury as they were about to retire. What purpose had the legislature in view in requiring the judge to charge the jury in writing? We think the legislature required the charge of the trial court to be given in writing and filed among the papers in the case for the following, among perhaps other reasons:

First, to preserve the instructions for use in appeals to this court, so as to facilitate the making of a correct and satisfactory bill of exceptions. Every one knows how difficult, if not impossible, it is for the judge himself to remember the exact language of his charge when, some time after the trial, a bill of exceptions is sought to be made, and that a change of a few words, or a slight change in the phraseology, might give to the charge a different color and meaning and thus deprive the accused of his right to have the exact charge of the trial court reviewed in this court.

Second, that the jury may have the instructions of the court, which are, so far as they are concerned, the law of the case, with them in the jury-room, that they may refer to them, and thus settle among themselves any misapprehension of the language of the court, or difference of opinion, or want of recollection as to what the instructions were.

Third, that the attorneys trying the cause may have the instructions in that form so that they may, with greater facility and accuracy, apply the law to the facts in their arguments to the jury.

That this latter object was considered of some importance by the legislature, is evidenced by the fact that in ¶ 5295, General Statutes of 1889, that body, in regulating the order of trial, provides that the court shall charge the jury before the counsel argue the case, changing the old rule in that regard. This change of the order of trial from the old rule, under which the instructions of the court were given to the jury after counsel had argued the case, was not without a purpose, and the object was to aid the counsel in the presenta-

tion of the case to the jury. Thus it will be seen that the legislature considered it a matter of importance that the instructions should not only be given in writing, but that the counsel in the case should have them before they commenced to argue the case. We think the attorneys in the case are entitled to the instructions, in the form in which the statute requires them to be given to the jury, before they commence their argument to the jury; and we think this right is a substantial one. It follows, therefore, that it is not a substantial compliance with the statute to give instructions orally, though they are at the time taken down by the reporter, and afterward copied and handed to the jury with the rest of the instructions when they retire to consider the case.

In Missouri, the court held, under a statute that requires the instructions to be given in writing, that it is error to instruct orally, even though the defendant consent that they shall be so given. Judge Wagner, in promulgating the opinion of the court, uses the following pointed and forcible language:

"The provisions of the law are express and positive. They were enacted for wise and beneficial purposes, and neither courts nor parties are allowed to substitute a different arrangement in their stead. Establish the practice pursued in the court below and it will happen at the end of a wearisome trial, when the court and bar are anxious to terminate their labors, propositions will be made by the respective counsel to forego the work of drafting written instructions, and let the court deliver an oral charge. The jury are liable to misapprehend the language of the court; a full, perfect and satisfactory bill of exceptions is unattainable; and thus a man's rights are invaded and frittered away through a violation of a law which was made for his protection. Public policy and the uniform and explicit standard which should always prevail in the administration of criminal justice demand that the statute should be literally construed and rigidly adhered to and enforced." (*The State v. Cooper*, 45 Mo. 64.)

The same rule prevails in California. (12 Cal. 345; 14 id. 437; 8 id. 423.)

Also in Texas and Alabama. (31 Tex. 574; 43 Ala. 312.)

Then we have in our own state the cases of *The State v.*

*Potter,* 15 Kas. 302; *City of Atchison v. Jansen,* 21 id. 560; and *Rich v. Lappin,* 43 id. 666; cited by counsel for defendant. We do not consider it necessary to review the other errors assigned.

It is recommended that the judgment of the district court be reversed, and the cause sent back for a new trial.

By the Court: It is so ordered.

All the Justices concurring.