The State v. Bundy.

THE STATE OF KANSAS v. H. N. BUNDY.

No. 14,298.  (81 Pac. 459.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Amendment of Information.* An information may be amended as to matters of substance or form before the defendant pleads; but after that time it can only be amended as to matters of form, and not then unless it can be done without prejudice to the rights of the defendant.

2. INTOXICATING LIQUORS—*Nuisance—Defective Information.* A charge of maintaining a nuisance under the prohibitory liquor law, wherein there is no concurrence in the time of keeping the place and the time of doing the acts in the place necessary to constitute an offense, is defective; and an amendment alleging that all the acts were contemporaneous is a matter of substance, and to allow it to be made after the plea of the defendant has been entered and the jury impaneled and sworn is material error.

3. CRIMINAL LAW—*Indorsing Names of Witnesses.* No prejudice was sustained by the defendant because some witnesses for the state, whose names had not been indorsed on the back of the information, were permitted to testify, where the testimony of such witnesses taken in an inquest before the county attorney in regard to the offenses charged against the defendant was attached to, and filed with, the information.

4. ——— *Instructions.* It is a proper practice to give the written instructions in a criminal case to the jury, and permit them to be taken to the jury-room for the consideration of the jury while deliberating upon their verdict, but in the absence of any request for the instructions or special necessity therefor the failure to send the instructions to the jury-room is not reversible error.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed July 7, 1905. Modified.

*C. C. Coleman,* attorney-general, *Thomas E. Wagstaff,* county attorney, and *A. L. Billings,* for The State.

*H. C. Dooley,* and *Osborn & Osborn,* for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: Upon an information containing four counts H. N. Bundy was prosecuted for violations of the prohibitory liquor law. Three of the counts charged unlawful sales of intoxicating liquors, and the fourth charged the maintaining of a nuisance. He was convicted upon the second and fourth counts. There was a motion to quash the fourth count because it alleged the keeping of a place at a past time, and sales and other acts in the place at a present time. The motion was erroneously denied, and the defendant was then arraigned, and, declining to plead, a plea of not guilty was entered for him. After the jury had been impaneled and sworn the court, upon application of the state, and over the objection of the defendant, permitted an amendment of the fourth count of the information showing that the acts constituting the

offense were contemporaneous. Immediately the defendant moved to quash the amended information, and when this was denied he was again arraigned and required to plead to the amended information. He then asked for a continuance of the trial because of the amendment, but this was denied.

The first and principal ground of complaint is upon the ruling allowing an amendment of the information after arraignment and the organization of the jury. As it originally stood the information was defective. (*The State v. Chiles,* 64 Kan. 453, 67 Pac. 884.) The amendment was matter of substance. Without it an offense was not sufficiently charged. Section 72 of the criminal code places limits upon the power to amend informations. It provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave. The information may be amended on the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant. No amendment shall cause any delay of the trial, unless for good cause shown by affidavit." (Gen. Stat. 1901, § 5513.)

Under this provision the amendment might have been made before the plea of not guilty was entered for the defendant, but on the trial the information can only be amended in matters of form, and not then unless it can be done without prejudice to the rights of the defendant. In a number of cases a liberal rule has been applied in amending criminal charges and many defects have been treated as matters of form and immaterial. (*The State v. Cooper,* 31 Kan. 505, 3 Pac. 429; *The State v. Beatty,* 45 id. 492, 25 Pac. 899; *The State v. McDonald,* 57 id. 537, 46 Pac. 966; *The State v. Bugg,* 66 id. 668, 72 Pac. 236; *The State v. Coover,* 69 id. 382, 76 Pac. 845.) Here there was a defect in the description of the offense. Because of the lack of concurrence of time in the acts done by defendant the

charge was incomplete and insufficient. To perfect the charge, or rather to state a public offense, it was necessary to insert essential allegations that were more than matters of form.

It seems to be conceded by the state that the information was amended in matter of substance, but it is claimed that as the defendant was rearraigned and required to plead again, after the amendment was made, there was a compliance with the statute which allows such amendments before plea. If it were granted that after the plea the court could ignore the proceedings on the defective information, retrace its steps, and begin anew upon the amended information, it could not be said that the court's action was without prejudice to the rights of the defendant. A jury had been impaneled and sworn to try the case before the amendment was made, and this jury was retained. He was tried by a jury selected when the offense of which he was convicted was not charged against him. In this respect the court did not begin anew, and he was compelled to accept a jury selected when the charge made against him did not constitute a public offense. One of the most important steps in the prosecution, therefore, was taken after the first plea and before the second was entered. When the first plea had been entered and the jury impaneled and sworn the defendant was placed in legal jeopardy, and it was surely too late then substantially to change the charge against him. Having answered the charge, and the jury having been sworn to try the issues as presented, a new issue could not be introduced and tried. After the trial has begun and jeopardy has attached the defendant has a right to insist that the case shall proceed to a final result, and if he cannot be convicted upon the information as it stands when the trial commences he is ordinarily entitled to an acquittal. The statute, however, controls, and it in effect prohibits an amendment in matters of substance after the defendant pleads. It

is clear that the amendment in this case was important and cannot be treated as a mere matter of form, and hence the court erred in permitting the amendment after the entering of the plea and the impaneling of the jury.

As the conviction upon the fourth count is invalid it is unnecessary to consider other objections to the conviction under that count.

There remains the conviction for an illegal sale. Objections were made to the testimony of witnesses because their names had not been indorsed upon the information. Attached to and filed with the information were the sworn statements of these witnesses of violations of law charged against the defendant. He was, therefore, not only advised that they were witnesses against him, but also as to what their testimony would be. The method pursued put him in a better position than would the mere indorsement of their names on the information. There was no prejudice to the defendant in failing to write their names again on the back of the information, nor was there any abuse of discretion by the court in allowing them to testify.

Other objections are made to the testimony which are deemed to be immaterial.

In instructing the jury the court stated that they could not consider evidence of violations of law, except within two years of the commencement of the prosecution, and inadvertently named a date about two weeks later than the commencement of the prosecution. As there was no evidence offered of sales made by defendant between the commencement of the action and the later date he sustained no prejudice by the instruction. It had the effect of shortening the period of limitation within which evidence of violations might be considered.

It is finally contended that the jury were not instructed in writing, as the law requires. It appears

that the instructions were reduced to writing and read to the jury, but that they were not given to or taken by the jury to the jury-room.  The statute provides that "the judge must charge the jury in writing, and the charge shall be filed among the papers of the cause."  (Crim. Code, § 236.)    Although the. statute does not specifically require that the written instructions shall be sent with the jury to the jury-room it is believed to be a common and proper practice.   In *The State v. Bennington,* 44 Kan. 583, 25 Pac. 91, it was said that one of the beneficial purposes of written instructions was that the jury might take them to the jury-room so as to settle among themselves any misapprehensions of the language of the court, or difference of opinion or want of recollection as to what the instructions were.   Some attempt was made to show that a question arose in the jury-room as to what the instructions really were, and that the jury asked for a rereading of the instructions, or that they be delivered to them so that they might use them in deliberating upon the case, but that neither was done.   There appears to be a dispute of fact in the record as to this matter, and as it appears to have been settled against the contention of the appellant it is not open for our consideration.  If a request for the instructions or for a rereading of them had in fact been denied there might be cause for complaint, but if no such request was made the mere fact that the instructions were not sent to the jury-room when the jury retired affords no ground for reversal.

The judgment upon the second count of the information, therefore, is affirmed, but the conviction under the fourth count, being invalid, is set aside.

All the Justices concurring.