STATE ex rel. TREAT, Relator, v. DISTRICT COURT, FOURTH JUDICIAL DIST., RAVALLI COUNTY, et al., Respondents.

No. 8863.

Submitted October 23, 1948. Decided December 9, 1948.

200 Pac. (2d) 248.

Stanley M. Doyle, of Polson, and Clyde Hayden, of Hamilton, for appellant. Mr. Doyle argued the cause orally.

E. Gardner Brownlee, County Atty., of Hamilton, for respondents. Mr. Brownlee argued the cause orally.

MR. JUSTICE ANGSTMAN:

The relator is charged with having committed the crime of burglary in the first degree on or about August 4, 1948, in Ravalli County. The information was filed by leave of court on August 11, 1948. Defendant was in court when the information was filed. It was read to him and as it appeared he had no lawyer to represent him the arraignment was continued until 1:30 in the afternoon and at that time the court fixed the time for entry of plea for August 13, 1948, at 1:30 p. m., at which time it appearing he still was without counsel and had no means to employ counsel, attorney Hayden was appointed by the court to represent him. Thereupon relator with his counsel present entered his plea of not guilty to the charge. The county attorney then immediately asked permission of the court to file an amended information saying, "I can have it filed later on this afternoon." The record then shows the following:

"The Court: Any objection to granting the county attorney the right to file an amended information?

"Mr. Hayden: No, there is not.

"The Court: Permission is granted."

At 2:30 p. m. on August 13th the amended information was filed with defendant and his counsel present, when the following took place:

"The Court: You may file it. I understand Mr. Hayden you had no objection to the filing of this amended information.

"Mr. Hayden: No objection." The relator then pleaded not guilty to the charge of burglary and guilty of the prior conviction of grand larceny alleged in the amended information.

At the convening of court on August 25, 1948, the attorney appointed to defend relator advised the court that other counsel had entered an appearance for the relator and asked the court that such counsel be entered as an attorney for the relator and that he, the appointed counsel, be permitted to withdraw from the case. The court refused permission of appointed counsel to withdraw but permitted appearance of the additional counsel.

At a session of the court on September 8th, the record shows that the relator's plea to the amended information was withdrawn and a demurrer to the amended information was filed and overruled and a plea of not guilty to the charge of burglary and guilty of the prior conviction of grand larceny was again entered.

The statute contemplates that the answer to the charge or allegation of a prior conviction should be an admission or denial thereof (sec. 12023, Rev. Codes of Montana 1935; State ex rel. Williams v. Henry, Mont., 174 Pac. (2d) 220), but a plea of guilty is, of course, an admission of the charge. Other motions were made and ruled upon but the only question urged by relator upon this proceeding is that of the propriety of the court's order in permitting the filing of the amended information. He contends that the court acted in excess of jurisdiction in allowing the information to be amended.

Section 11804, Revised Codes of 1935, provides: "An information may be amended in matter of substance or form at any time before the defendant pleads, without leave of court. The information may be amended at any time thereafter and on the trial as to all matters of form, at the discretion of the court, where the same can be done without prejudice to the rights of the defendant. No amendment must cause any delay of the trial unless for good cause shown by affidavit."

This statute was considered in the case of State v. Fisher, 79 Mont. 46, 254 Pac. 872, where an information was filed against the defendant charging the violation of the then existing statutes prohibiting the sale and possession of intoxicating liquors for beverage purposes. After defendant had pleaded not guilty to the three charges in the information set forth, all misdemeanors, an amended information in three counts charging the same offenses and in addition alleging a prior conviction, was filed, over the objection of the defendant. This was held to be in violation of a substantial right of defendant and a conviction upon the charge in the amended information was reversed. It was also considered in State v. Duncan, 40 Mont. 531, 107 Pac. 510.

But this is a different case from both the Fisher and the Duncan cases. In both of those cases there was objection to the filing of the amended information. Here defendant did not object to the filing of the amended information but expressly stated that he had ''no objection'' to its filing. He first pleaded to the amended information without objection and then withdrew his plea and filed a demurrer thereto and after it was overruled, again pleaded to the amended information. He must be held to have consented to the filing of the amended information and to have waived any and all objections to it. His counsel representing him when he first pleaded to the amended information evidently believed that nothing would be gained by objecting to the filing of the amended information because had he objected the same result could have been achieved by dismissal of the first information and filing a new one in the form of the amended information. Sec. 12229, Rev. Codes 1935, and compare State v. Aus, 105 Mont. 82, 69 Pac. (2d) 584.

That defendant may waive certain objections to an information there can be no doubt. Section 11892, Revised Codes 1935, provides in substance that certain objections are waived by failure to raise the point before defendant demurs or pleads to the information. And see State v. McCaffery, 16 Mont. 33, 40 Pac. 63; State v. Lagoni, 30 Mont. 472, 76 Pac. 1044; State v. Che-

vigny, 48 Mont. 382, 138 Pac. 257; State v. Vinn, 50 Mont. 27, 144 Pac. 773.

The mere filing of an information does not affect any substantive right of a defendant. It is but the means of getting him before the court for trial and advising him of the accusation against him. It is not any evidence of guilt. Generally speaking a defendant hasn't much to say whether an information will be filed against him. They are generally filed against the will and without the consent of the accused. It is elementary that a defendant may waive objections to the filing of an amended information even though the amendment goes to matter of substance. 27 Am. Jur., p. 680, sec. 121; 42 C. J. S., Indictments and Informations, sec. 310, page 1341, and sec. 232, page 1243. And see State v. Ward; 51 Idaho 68, 1 Pac. (2d) 620; State v. Dunn, 60 Idaho 568, 94 Pac. (2d) 779; State v. Hay, 52 Utah 80, 172 Pac. 721. And this is particularly true when it is not urged at the time that the rights of defendant would be prejudiced by the amendment. State v. Duncan, supra.

The case of State v. Bundy, 71 Kan. 779, 81 Pac. 459, cited in the case of State v. Fisher, supra, is distinguishable in that in it the amended information was filed after the defendant had been placed in jeopardy under the first information and this is the basis of the court's holding. This fact was pointed out by the Supreme Court of Kansas in the later case of State v. Chance, 82 Kan. 388, 391, 108 Pac. 789, 791, 27 L. R. A., N. S., 1003, 20 Ann. Cas. 164, where the court said: "The claim is made that this provision forbids any amendment except in matter of form after a plea is entered. Language to that effect is used in State v. Bundy, 71 Kan. 779, 81 Pac. 459; but there the substance of the information was changed after a jury had been impaneled and sworn, and jeopardy had consequently attached. The decision was explicitly based on that consideration, and what is said in the opinion must be interpreted in the light of that fact. The force of the statute is that prior to arraignment and plea the state has an absolute right to amend in any respect, without asking permission, but that on the trial no amendment may be

made even by leave of court except in matter of form. The fair inference is that after a plea has been entered, but before the trial has begun, substantial amendments may be made, but only upon order of the court. That is the rule at common law (22 Cyc. 436, 437), and the statute is not less liberal. Convictions have repeatedly been sustained based upon amended informations filed after one trial had been had. State v. Hart, 33 Kan. 218, 6 Pac. 288; State v. Spendlove, 47 Kan. 160, 28 Pac. 994. Here the defendant was again arraigned and pleaded not guilty to the amended information, and no possible prejudice could have resulted to him from the fact that the amendment was made after instead of before his first plea had been entered.''

The Chance case was decided in 1910. It was followed in State v. Hobl, 1921, 108 Kan. 261, 194 Pac. 921. The Fisher case was decided in 1927. If we follow the Supreme Court of Kansas, then we must hold that under the statute an amendment to an information may be made, after plea, as to matter of substance upon leave of court. Wyoming followed the Chance case in 1923 prior to the Fisher case under a statute identical with the Kansas statute, State v. Kusel, 29 Wyo. 287, 213 Pac. 367, and Kansas has later approved of the rule stated in the Chance case in State v. Morris, 131 Kan. 282, 291 Pac. 742; State v. McAlister, 139 Kan. 672, 33 Pac. (2d) 314; State v. Eye, 161 Kan. 69, 166 Pac. (2d) 572.

The later case of State v. Allen, 1947, 163 Kan. 374, 183 Pac. (2d) 458, 460, also had to do with an amended information filed after defendant had been placed in jeopardy under the first information. The statement in the Allen case that the rule in the Bundy case ''is the general rule cannot be doubted'' had application to a situation where jeopardy had attached under the first information.

The Fisher case also relies upon Utah cases with statutes identical with our section 11804. The first one relied upon is State v. Topham, 41 Utah 39, 123 Pac. 888, 897, but in that case the court was considering the right of amendment after trial. The court quoted the Utah statute which is identical with ours and

then said: ''An amendment supplying proper allegations and curing the defects of this information is matter of substance, not form. The particular defects were, before plea, specifically pointed out by the special demurrer. The undoubted right to amend the information in respect to the particulars wherein it is defective then existed. Instead of amending it, when an amendment was permissible, the hazard of a trial and a conviction on a bad information was taken. The right to now amend is lost. The statute, whether wisely or unwisely, forbids it.'' Obviously that case has no bearing upon this case since here the amendment was made before the trial which has not yet been had.

The other Utah case relied upon in the Fisher case is that of State ex rel. Barnes v. Second District Court, 36 Utah 396, 104 Pac. 282. That case contains language supporting the rule followed in the Fisher case. But in Utah the statute requires a preliminary examination before an information can be filed. The court held that the same thing is true as to an amended information and that the court has no authority to allow a new or second information without a second preliminary examination. That is not the rule in Montana. State v. Vinn, supra. The court also held in the Barnes case that since the application to amend the information had been denied, and the action dismissed and the defendant discharged, the county attorney could not file a new information curing the defects in the first information because this would subvert the purpose of the statute. Utah hastened to amend its statute after this decision. See State v. Johnson, 76 Utah 84, 287 Pac. 909. The Barnes case has no application here since, here, the motion to amend the information was granted and the case had never been dismissed and here there is no requirement for a preliminary examination. Granting that the Barnes case and the Duncan and Fisher cases announce the correct rule where there is objection they are inapplicable here where there was no objection but rather consent to the filing of the amended information and where the objection comes after the defendant had pleaded to the amended information without objecting to it.

The writ applied for is denied.

Mr. Chief Justice Adair and Associate Justices Choate, Gibson and Metcalf concur.

Rehearing denied December 22, 1948.