No. 37,434

The State of Kansas, *Appellee,* v. R. L. Stephens, *Appellant.*

(209 P. 2d 924)

Opinion filed September 24, 1949.

*A. D. Weiskirch,* of Wichita, argued the cause, and *Walter F. McGinnis,* of El Dorado, was with him on the briefs for the appellant.

*O. J. Connell, Jr.,* county attorney, argued the cause, and *J. Morris Moon, Jr.,* deputy county attorney, and *Edward F. Arn,* attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action wherein defendant was convicted on seven counts for violation of G. S. 1935, 21-2146, commonly known as the prohibitory liquor statute. He has appealed.

The information originally contained nine counts. At the conclusion of the state's evidence the state was ordered to elect as to the four possession counts and elected to dismiss two of them, whereupon he was convicted on seven counts.

Defendant has charged various specification of error and they shall be dealt with *ad seriatum.*

First, the defendant argues that the court erred in refusing to sustain his motion to quash the information on the ground that the

offenses purportedly charged in each count were not set forth in plain and concise language and did not state a criminal offense with sufficient particularity to enable defendant to prepare his defense. This argument sends us to an examination of the information.

Count 1 charged that the defendant on the 21st day of October, 1947, sold intoxicating liquor contrary to the provisions of G. S. 1935, 21-2101; and that he had theretofore on the 10th day of May, 1943, pleaded guilty to having liquor in his possession and had been sentenced. The latter was intended for the purpose of charging defendant as a persistent violator.

Count 3 was in the same language except that at the end of the count it contained a statement that the offense was committed at a time different than in counts 1, 5 and 7.

Count 5 was in the same language as was also count 7. We have then an information that charged defendant with having made four sales of intoxicating liquor on the same day but each at a different time that day.

Count 2 charged that defendant on the same day, that is, October 21, 1947, had liquor in his possession. Then contained a reference to the former conviction. It also contained a statement that the offense was committed at a time different than in counts 4, 6 and 8.

Counts 4, 6 and 8 contained the same general language, so we have in this information four counts of possession of liquor.

Count 9 charged the committing of the offense of maintaining a liquor nuisance on described real estate on the same day that the sales and possession were charged. It is argued that on account of the similarity in language of these counts the name of the person to whom the liquor was sold should have been alleged so that the defendant could have properly prepared his defense. This argument is not good. In the first place, the offense was charged in the substantial language of the statute. This has been held to be sufficient. (See *State v. Oliver*, 129 Kan. 719, 284 Pac. 357.) Furthermore, G. S. 1935, 21-2121, provides, that it shall not be necessary to state the name of the person to whom the liquor was sold or the kind of intoxicating liquor that was sold. Furthermore, in this case it is difficult to see that the defendant was prejudiced by the manner in which the offense was described in the information in view of the fact that his defense was an alibi, that it, that he was out of the state all the day he was alleged to have made these sales. Counsel for the defendant state that when they examined this information

they found it impossible to prepare a defense to such indefinite charges. They did prepare the defense though. They offered evidence which, had the jury believed, would have proved that the defendant was not in the state on the day in question.

The next argument of defendant is that the court erred in permitting the state to have a considerable quantity of liquor in the courtroom while the jury was being examined. The record discloses that defendant made a motion for the liquor to be removed from the presence of the jury. After some argument the liquor was removed from the courtroom. Counsel argue that defendant was prejudiced because this removal took place in the presence of the jurors. The record discloses that the liquor was carried out during a time while the jury was excused. At any rate, it does not appear that the defendant was prejudiced by what happened.

Defendant next argues that the trial court erred in overruling his motion for a mistrial after a special investigator had been permitted to taste liquor that was contained in a bottle which was offered to him to identify while he was on the witness stand. The main burden of this argument seems to be that the witness in answer to a question of the county attorney said:

"It tastes like good whisky to me."

We see no ground for a mistrial in this answer nor do we see where the defendant was prejudiced thereby. A witness may be permitted to smell or taste substance that is offered as intoxicating liquor. (See 20 Am. Jur. 681, sec. 810.)

Defendant next argues that the court erred in permitting certain cross-examination of the witness who was called to testify as to the reputation of defendant for truth and veracity. This argument seems to rest on the fact that after the witness had testified that the reputation of the defendant for truth and veracity was good, the county attorney said:

"But it doesn't make any difference to you this man has done time in the the federal pen? That doesn't make any difference to you in arriving at your opinion?"

We find that counsel objected to this answer because it was a repetition and the court sustained the objection. What more the court should have done to avoid error in this respect does not readily appear.

Defendant next argues that the court erred in permitting the sheriff to testify that he went to a place operated by the Stephens'

family on the 30th day of October, 1947. It does not appear that the defendant was there at the time and we are unable to see how the defendant was prejudiced by permitting this testimony to go to the jury.

The defendant next argues that the trial court erred in permitting misconduct by the county attorney in his closing argument to the jury. The county attorney does not appear to have gone beyond the bounds of proper argument. In the course of his argument he has made the following statement:

"You heard them testify, he was so brazen he asked them no questions, he had been operating since 1943. All the boy were in the Army and Steve was out there selling whiskey to airplane plant workers, and so forth."

Counsel for the defense objected to the latter part of the foregoing statement on the ground that it was inflammatory and there was no evidence to sustain it. The court sustained the objection and upon further language by counsel the court advised the jury that the statement would be stricken from the consideration of the jury. Under the circumstances, it does not appear that the defendant was prejudiced by the argument of the county attorney.

Defendant next argues that he was unduly limited in his cross-examination of a witness for the state. This was where a witness testified that he signed his name on a bottle of liquor that was offered in evidence. Counsel for the defendant asked that he write his name on a piece of paper that was offered. The court sustained the objection of this. Just why the court sustained that objection does not readily appear. If it was important for the state to prove by the witness that he did write the name of the imbiber, the defendant certainly had the right to lay the foundation to impeach the witness by comparing his written signature with the signature that was on the bottle.

The defendant next argues that on his cross-examination the county attorney was permitted to refer to an exhibit which was withheld from the counsel for the defendant and of which counsel did not learn the identity. It appears clear from the record that this was a statement furnished the attorney general by the Federal Bureau of Investigation of the criminal record of the defendant. While this examination was going on counsel for the defendant asked permission to see the document and objected to its being used without his being permitted to see it and examine it and was overruled in each case. This was error. Counsel for the defendant should

have been permitted to examine the document before it was shown to the defendant and any questions asked.

Defendant next argues that the court erred in certain instructions. We have examined these instructions and find no error therein.

The next argument of defendant is that the court erred in certain oral instructions to the jury after the jury had retired and considered the issues for some time. What transpired was that the jury was brought in and the foreman said:

"The information we want to obtain is to Count 9. There seems to be some confusion about the continuous clause in that."

Thereupon colloquy ensued between the court and the jury and the court asked whether or not the jury had read a certain instruction and explained the meaning of the certain instruction. The foreman then said:

"Does that continuous mean day to day operation for that period of time?"

The court answered:

"It could mean that or any one of the days between or the days charged, or it could mean every day."

Such conduct is tantamount to the trial judge constituting himself a member of the jury and taking part in the deliberations. The written instructions should be read to the jury prior to the argument of the counsel. (See G. S. 1935, 62-1438; *State v. Potter*, 15 Kan. 302; *State v. Stoffel*, 48 Kan. 364, 29 Pac. 685; and *State v. Howland*, 157 Kan. 11, 138 P. 2d, 424.)

We find that from the foregoing and the error in restricting the cross-examination of the state's witness the judgment of the trial court should be reversed.

The judgment of the trial court is reversed, with directions to grant defendant a new trial.

ARN, J., not participating.