(699 P.2d 585)
No. 57,199

STATE OF KANSAS, *Appellee*, v. DONALD E. NORRIS, *Appellant.*

Opinion filed May 9, 1985.

*Howard Washburn,* of Kansas City, for the appellant.

*Bruce W. Beye* and *Joseph E. Cosgrove, Jr.,* assistant district attorneys, *Dennis W. Moore,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before ABBOTT, P.J., REES and PARKS, JJ.

PARKS, J.: Defendant, Donald E. Norris, appeals a jury conviction of indecent liberties with a child. K.S.A. 21-3503.

This appeal raises a question of first impression concerning the manner in which the trial court submits its instructions to the jury. In an attempt to accommodate defense counsel, the court did not instruct the jury before closing arguments. Neither the prosecutor nor defense counsel objected to the omission prior to giving their closing arguments and both attorneys referred to the instructions during their argument. At the conclusion of the arguments, the following colloquy took place:

"MR. AUSTIN: I think we need to read the instructions to the jury.
THE COURT: I'm going to waive that and just submit them."

After the lunch recess, the jury was given a set of written instructions signed by the judge. There is no indication in the

record that the jury was instructed to read the written instructions prior to beginning deliberation.

Following a read-back of certain testimony requested by the jury, defense counsel moved for a mistrial because the court had failed to read the instructions to the jury. This motion was denied and defendant was convicted. He now appeals.

The procedure followed by the court in instructing the jury departed from that usually followed in criminal cases in two important respects. First, the court did not instruct the jury at the close of evidence and before closing argument as provided by K.S.A. 22-3414. Secondly, the court did not read the instructions to the jury but simply submitted a copy of the written instructions to it. The State contends that neither of these circumstances worked to defendant's prejudice and that in any event, defendant acquiesced in the procedure followed by the court.

The order in which instructions and closing argument should be delivered varies among the different jurisdictions. The long-time rule in Kansas is that instructions should be given at the close of the evidence before final arguments. *State v. Bennington*, 44 Kan. 583, 584, 25 Pac. 91 (1890). This rule is currently codified in K.S.A. 22-3414, which states in part as follows:

"(3) . . . The judge shall instruct the jury at the close of the evidence before argument and the judge may, in his discretion, after the opening statements, instruct the jury on such matters as in his opinion will assist the jury in considering the evidence as it is presented.

"(4) . . . In arguing the case, comment may be made upon the law of the case as given in the instructions, as well as upon the evidence."

This rule permits the attorneys to shape their closing arguments with the knowledge that the jury has finished hearing both the evidence and the law. The possibility that counsel will misstate or misrepresent the instructions is lessened because the court has already advised both the jury and counsel of its view of the law. In addition, the jury will hear the persuasive statements of counsel and their attempts to emphasize those portions of the instructions which are favorable to them, only after having heard the entire context of the law to be applied. The jury is in a better position to understand the arguments of counsel once they have been advised of both the criminal elements the prosecution must show and the nature and effect of the defense asserted.

There is no question but that the court's failure to instruct the jury prior to closing argument violated the direction of K.S.A.

22-3414(3) and was error. Defendant was denied the benefit of addressing closing argument to an informed jury, which the statute seeks to secure. However, we cannot find that an error in the order in which argument and instructions are delivered to the jury is in itself so substantial as to deny defendant a fair trial. In the first place, despite the persuasiveness of the rationale behind the Kansas rule regarding the order of instructions, other authorities have found equal justification for an obverse rule. For example, Federal Rule of Criminal Procedure 30 provides that "the court shall instruct the jury after the arguments are completed." It is contended that this rule is preferable because the court has the last word and can correct any misstatement made during argument. *United States v. Piascik,* 559 F.2d 545, 550 n. 9 (9th Cir. 1977).

Moreover, defendant acquiesced in the procedure followed by failing to object. The jury may have been belatedly informed of the law, but the court provided counsel with its proposed instructions in advance of the completion of trial. The court then met with counsel to hear objections and suggestions concerning the instructions and made its final rulings regarding the content of the instructions before closing arguments were commenced. Finally, both counsel incorporated comments on the instructions into their final arguments. Thus, the court's procedure did not leave counsel uninformed of the instructions the court would give or deprive them of the opportunity to comment upon the instructions to the jury. In sum, under the circumstances of this case, we fail to see how the court's departure from the statutorily prescribed order of trial in itself resulted in prejudice to defendant. On the other hand, we believe the court's decision to forgo oral delivery of the instructions was both erroneous and prejudicial.

Historically, instructions to the jury were delivered orally and somewhat extemporaneously. In order to facilitate review of the law stated by the court and to permit the parties to have the opportunity to review and suggest changes in the proposed instructions, statutes were passed requiring judges to reduce their instructions to writing before reading them to the jury. G.S. 1868, ch. 82, § 236; *Bennington,* 44 Kan. 583. The written instructions could then be given to the jury for reference during

deliberations at the discretion of the judge. *State v. Bundy,* 71 Kan. 779, 784, 81 Pac. 459 (1905).

Our current statute simply states that the court "shall instruct" the jury—it does not mandate oral delivery or written recordation. Moreover, there are no Kansas cases which have stated that oral delivery is required but in each of the old cases concerned with the sufficiency of written instructions, it was assumed that the jury would first hear the instructions in open court. See, *e.g., Bundy,* 71 Kan. at 784; *State v. Labore,* 80 Kan. 664, 666, 103 Pac. 106 (1909). In addition, modern cases have also stated in dicta that current practice is to orally recite instructions. For example, *State v. Stephens,* 168 Kan. 5, 9, 209 P.2d 924 (1949), stated that "written instructions should be read to the jury prior to the argument of the counsel." *State v. Egbert,* 227 Kan. 266, 268, 606 P.2d 1022, *cert. denied* 449 U.S. 965 (1980), also declares that "ordinarily, the original set of instructions *which the court reads to the jury* is then handed to the jury for its use in the jury room." (Emphasis supplied.) Finally, our research has revealed no cases approving the delivery of written instructions without their oral recitation by the court, although there is authority for the contrary proposition from other jurisdictions.

In *United States v. Noble,* 155 F.2d 315, 318 (3rd Cir. 1946), the court stated that an adequate written statement of the law is insufficient if it is not orally delivered as well. The court reasoned, in part, as follows:

"Moreover, we think that even if the information had contained a full recital of all the applicable legal principles the trial judge would not have fulfilled his duty in this regard merely by sending the information out with the jury to read if they chose to do so, during their deliberations. For not only are counsel and the defendant entitled to hear the instructions in order that they may, if they are incorrect, object to them and secure their prompt correction by the trial judge, but it is equally important to make as certain as may be that each member of the jury has actually received the instructions. It is therefore essential that all instructions to the jury be given by the trial judge orally in the presence of counsel and the defendant. We conclude that the failure in the present case to instruct the jury upon the elements of the crime was error."

See also *Morris v. United States,* 156 F.2d 525, 531 n. 4 (9th Cir. 1946).

In a more recent line of Indiana cases, a similar conclusion was reached as follows:

"Thus, neither the Court of Appeals nor the Supreme Court in the three cases above changed the law in regard to sending written instructions into the jury

room. Rather, they found it was the law that this was not to be done, but found it to be harmless error in the cases presented. In this case, the trial court went further and not only sent the instructions into the jury room, but also failed to instruct the jury either preliminarily or finally in open court. This duty was delegated to the foreman of the jury under circumstances where it cannot be known how the job was done, or whether it was done at all. This was not only in violation of the settled law in Indiana as set out above, but it was also directly in violation of Ind. R. Tr. P. 51(A), (B) and Ind. Code § 35-1-35-1 (Burns 1975)."
*Purdy v. State*, 267 Ind. 282, 288-89, 369 N.E.2d 633 (1977).

See also *Foresta v. State*, 274 Ind. 658, 659-60, 413 N.E.2d 889 (1980); *Drake v. State*, 271 Ind. 400, 401, 393 N.E.2d 148 (1979).

The Indiana statute referred to in *Purdy* is similar in content to K.S.A. 22-3414. It does not require oral delivery of the instructions but states that the instructions drawn by the court, as opposed to those prepared by counsel, shall be in writing when any party so requests. Nevertheless, despite the absence of a requirement of oral instruction, the court concluded that written submission of the instructions without oral recitation was contrary to the statute. A subsequent Indiana case went on to hold that the error of failing to orally instruct was not rendered harmless by the absence of an objection by defendant. *Drake*, 271 Ind. at 401. Thus, the duty of the court to take all possible steps to see that all members of the jury had received the instructions was held to be so fundamental that the defendant could not waive the requirement of oral instruction by failing to object.

K.S.A. 22-3414, like the Indiana statute, does not mandate that the court "shall instruct" the jury orally. However, we too conclude that oral instruction is vital to the fulfillment of the court's duty to instruct the jury. Instruction of the jury is one of the most fundamental duties of the court and it is only through their oral delivery that the court can be assured that each member of the jury has actually received all of the instructions. If, for example, written copies of the instructions are given to each juror, a divergence in literacy and reading comprehension may well leave some jurors uninstructed. On the other hand, if the foreman is directed to read the instructions to the other jurors, defendant is deprived of the opportunity to witness the manner in which the foreman intones the instructions. A judge is obligated to act in an impartial and unbiased manner in delivering instructions. He may not sneeringly describe the defendant's

defense or make editorial comments while reading the instructions. A jury foreman is under no such constraint once the case has been submitted. Moreover, if, as in this case, the court does not even instruct the jury to read the instructions before deliberating, there is no assurance that the instructions were in fact read or that the verdict is based upon an application of the law to the evidence.

Finally, we note that, despite the absence of specific statutory direction in K.S.A. 22-3414, other statutes indicate that communications from the judge to the jury should be oral and in open court. K.S.A. 22-3420 provides that questions and requests from the jury after it has retired for deliberation be responded to in court and in the presence of the defendant and his counsel after notice to the prosecutor. *State v. Dunnan*, 223 Kan. 428, 573 P.2d 1068 (1978). This statute protects the defendant's right to participate and witness the giving of added instructions, but it also underscores the need to verify that the court's instructions are shared by all of the jurors.

In this case, the court did not read the instructions to the jury and it did not even instruct the foreman of the jury to do so. We cannot assume that despite this deficiency, the instructions were read by all members of the jury.

We conclude that the trial court erred in failing to orally instruct the jury and that this error was prejudicial. In light of this conclusion, we need not consider defendant's other allegations of error. Judgment is reversed and the case remanded with directions to grant defendant a new trial.