NOT DESIGNATED FOR PUBLICATION

Nos. 122,105
122,106

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALE M. DENNEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 20, 2021.
Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant, and *Dale
M.L. Denney*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.


Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.


PER CURIAM: Dale M. Denney appeals the district court's summary dismissal of
his pro se motion for a new postconviction hearing based on ineffective assistance of his
appellate attorney. The district court ruled that Denney failed to provide an evidentiary
basis to support his claim that his counsel provided ineffective assistance. On appeal,
Denney asserts he was entitled to an evidentiary hearing on his motion. Because we
conclude that Denney has not persuasively shown he is entitled to an evidentiary hearing,
we affirm.

1

On December 1, 1993, a jury convicted Denney of violent sex crimes in two cases consolidated for trial, which led to consecutive prison sentences of 228 months and 36 years to life, respectively. This court previously summarized the underlying facts of these cases as follows:

"In the 1992 case, Denney held a knife to the throat of his sister-in-law and sodomized her in the fall of 1992. As a result, Denney was convicted in 1993 of aggravated criminal sodomy, aggravated sexual battery, and an aggravated weapons violation. In the 1993 case, Denney beat, choked and sodomized his former girlfriend. This resulted in his conviction in July 1993 of aggravated criminal sodomy, aggravated battery, aggravated sexual battery, and an aggravated weapons violation.

"According to our Supreme Court:  'The evidence in both cases was extensive and uncontroverted by Denney.' *State v. Denney*, 258 Kan. 437, 439, 905 P.2d 657 (1995)." *State v. Denney*, No. 110,336, 2015 WL 326432, at *1 (Kan. App. 2015) (unpublished opinion).

Since the Kansas Supreme Court affirmed Denney's convictions and sentences on direct appeal, he has filed numerous postconviction actions trying to overturn his convictions or otherwise secure his release from prison. Most recently, during this appeal Denney filed an emergency K.S.A. 60-1507 motion arguing he should be released from custody because he has medical conditions that make him susceptible to contracting COVID-19. The district court summarily denied the motion as untimely, successive, and for lack of jurisdiction. A panel of this court affirmed that ruling in April 2021. *Denney v. State*, No. 122,933, 2021 WL 1589234 (Kan. App. 2021) (unpublished opinion). As one panel in a previous appeal put it, "[Denney] candidly concedes:  'The procedural history since [the two criminal cases in 1993] is too long to recount:  these are the 28th and 29th of 29 appeals and original actions filed to date with the Kansas Appellate Courts.'" *State*

*v. Denney*, No. 116,973, 2018 WL 560170, at *4 (Kan. App. 2018) (unpublished opinion). That said, we consider each claim on its own merits, regardless of how many unsuccessful claims have come before it.

Relevant to this appeal, in March 2018, Denney filed a motion claiming, among other things, that his constitutional rights were violated at trial when the judge failed to read the instructions to the jury and when the judge ordered a psychiatric examination but then failed to conduct a competency hearing. We pause to note that we are summarizing the facts as they appear in various briefs filed by the parties and rulings filed by the district court because the actual motion filed in March 2018 or the hearings or rulings held on that motion are not contained in the record on appeal (ROA), an issue we will discuss later in this opinion.

In his motion, Denney allegedly asserted that his motion was not brought under K.S.A. 60-1507 and, therefore, it was not subject to the one-year time limit of that statute. The district judge denied all his claims, with the exception of the competency determination issue. For that issue only, he appointed Casey Cotton to represent Denney.

Almost a year after the motion was filed, the district court denied the remaining issue in Denney's March 2018 motion following a hearing on February 14, 2019. At that hearing—for which we have no transcript in the ROA—Cotton was present. In support of the current denial, the court noted that there was no psychological evaluation in the record and no discussion in the record anywhere about incompetency. Although Denney filed a notice of appeal to that ruling, he did not docket it. Instead, after receiving the court's order, Denney filed a pro se "Motion for Finding of Statutory Ineffective Assistance of Counsel" alleging that Cotton, his court-appointed counsel on the just-denied motion, provided ineffective assistance in relation to his March 2018 motion. The motion generally alleged Cotton failed to investigate the "competency issue" and that he failed to "develop an evidentiary record at the [February 14, 2019] K.S.A. 60-1507

3

hearing." There was apparently some confusion as to whether this February 21, 2019 motion was meant to be a motion to alter or amend the court's February 14, 2019 ruling under K.S.A 60-252 or K.S.A. 60-259 or a new K.S.A. 60-1507 motion. No statutory authority was cited in the pro se motion.

The district court considered the motion at a nonevidentiary hearing in September 2019, at which Denney did not appear but was represented by his new court-appointed counsel Mark Sevart. Sevart asked the court to conduct an evidentiary hearing on two specific "concerns" that Denney had relayed to him about the trial:  (1) that the jury was never read the instructions; and (2) that the court had ordered a pretrial competency evaluation, but one was never completed. As for the competency issue, Sevart asserted that "the State's position, if I'm not mistaken, is that no, it wasn't a competency evaluation. It was more of just a mental health evaluation to perhaps look at with respect to some sort of sentencing disposition." The other issues discussed at the hearing are irrelevant to this appeal.

The district court denied relief on Denney's motion in January 2020. The court explained at the hearing it was construing the filing as a K.S.A. 60-1507 motion. The court found that records in the case "conclusively show that Mr. Denney is not entitled to relief and the motion's summarily denied." In reaching that conclusion, the court explained Denney failed to show Cotton's representation was deficient because the motion made "unsubstantiated" and "over-generaliz[ed]" assertions. We note that the same judge heard the March 2018 motion as well as the February 2019 motion, so he was able to refer to his memory of the February 2019 hearing. The court noted Cotton had stated at a hearing on the prior motion that "he had examined the court file and that he had spoken with [trial counsel]. In the trial inspection of the notes in the file or in conversation with [trial counsel] that there is any truth to the assertion that a competency evaluation was ordered at the trial but not completed." The court also found Denney

4

failed to "describe[] any steps that Mr. Cotton should have taken, and the Court will not speculate on . . . what those steps might or should have been."

Denney timely appealed.

ANALYSIS

Denney does not challenge the fact that the district court construed his motion as one filed under K.S.A. 60-1507. Instead, Denney argues that he was entitled to an evidentiary hearing on his motion. In particular, he asserts Cotton was ineffective for failing to investigate the claims from the March 2018 motion, which were that (1) the jury was not read the instructions; and (2) the district court ordered a competency evaluation that was never performed.

*The standard of review is de novo.*

When a district court summarily dismisses a K.S.A. 60-1507 motion, this court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing they are entitled to an evidentiary hearing. To meet this burden, the movant must make more than conclusory contentions, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a "'second'" or "'successive'" motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]). Because the claim raised in Denney's motion deals with the effectiveness of his prior postconviction

5

counsel, the State concedes—and we agree—that his current motion is timely and not successive.

*We examine the burden of proof on an ineffective assistance of counsel claim.*

To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) that the deficient performance prejudiced the defendant. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). "'To show prejudice, the defendant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. 303 Kan. at 426. In considering deficiency, "there is a strong presumption counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

*The district court did not err in summarily denying Denney's motion.*

Denney relies on two claims related to Cotton's representation. Both relate to his allegation that Cotton failed to investigate what he asserts were key issues raised in his March 2018 pro se motion. First, he asserts that the jury was never properly read the instructions at trial. Second, he claims that the district court ordered a competency evaluation before trial that was never performed. Denney makes the same argument for

6

both claims: that Cotton was ineffective for failing to meet with him or otherwise investigate the claims and that doing so would have produced supporting evidence to grant his March 2018 motion.

### 1. *Key documents are absent from the record, hindering our review.*

To start, this court's analysis is severely hampered by the absence of key documents from the record, specifically Denney's March 2018 motion, any transcripts from hearings on that motion, and the district court's ultimate ruling denying that motion. The burden is on the party asserting error to designate a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the district court was proper. *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017). Determining whether Cotton provided ineffective assistance requires discussing whether the outcome of the March 2018 motion would have been different if Cotton had taken some action. But doing that without knowing the exact claims that were being raised or the district court's reasons for denying the motion is not possible.

For example, Denney's February 2019 motion framed his March 2018 motion as raising ineffective assistance of trial counsel claims. In other words, he argued that Cotton was required to argue—and did not—that trial counsel was ineffective for not addressing the competency issue. Although the State does not challenge the timeliness of the motion if it is considered a K.S.A. 60-1507 motion on Cotton's effectiveness, any claim regarding *trial* counsel's effectiveness is clearly time barred.

In addition, although Denney repeatedly refers to his March 2018 motion as one filed under K.S.A. 60-1507, the record does not entirely support that characterization. The ROA shows he simultaneously filed a motion that cited K.S.A. 60-2606 as the basis for relief. According to the State, the district court denied Denney's prior motion "upon finding that defendant was clearly making a claim for relief *outside of* K.S.A. 60-1507."

(Emphasis added.) Alternatively, the State claims the court effectively denied Denney's prior motion as untimely and successive if construed as a K.S.A. 60-1507 motion because "[n]o amount of investigation by Cotton would have changed the reality that defendant has more than exhausted his post-conviction remedies."

Kansas law does not allow a defendant to collaterally attack their conviction or sentence *outside* K.S.A. 60-1507. See *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 1, 326 P.3d 1083 (2014) (a defendant cannot use K.S.A. 60-2606 to collaterally attack their conviction or sentence because K.S.A. 60-1507 is the "exclusive" statutory procedure for pursuing that relief). Put another way, if the district court denied the prior motion because Denney insisted on seeking relief outside K.S.A. 60-1507, then his current motion must fail because this court is duty bound to adhere to Kansas Supreme Court precedent absent some indication of a departure from a previous position. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

Assuming the March 2018 motion was construed solely as a K.S.A. 60-1507 motion, Denney would still have needed to show the *claims* in his March 2018 motion were not successive or untimely to be entitled to relief on that motion. In other words, he would have to establish that but for Cotton's failure to investigate those trial issues, his motion would have been successful. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (holding that issues not adequately briefed are deemed waived or abandoned). Whether Denney was seeking to raise claims of trial error or ineffective assistance of trial counsel in his March 2018 motion, all roads would have led to the same outcome. Denney has filed many postconviction motions since the beginning of his incarceration in these cases nearly 27 years ago, and he offers no explanation now as to why he could not have raised the claims at issue here in a prior motion.

We do not know, because there is no record, if the district court found the March 2018 motion to be successive and untimely. But even assuming the district court denied

8

Denney's March 2018 motion on the merits, and somehow found it was neither successive nor untimely, he has not shown he is entitled to an evidentiary hearing on his current claims of ineffective assistance, let alone relief on the merits.

   2.   *Counsel could not be ineffective for failing to address an issue that had already been decided by the court and for which he was not appointed.*

Denney first contends Cotton was ineffective because he failed to investigate whether the trial judge submitted oral jury instructions. As support, he relies on *State v. Norris*, 10 Kan. App. 2d 397, Syl. ¶ 3, 699 P.2d 585 (1985), in which a panel of this court held "[t]he submission of written instructions to the jury without prior oral instruction is insufficient to discharge the court's duty to instruct the jury. Failure to carry out this duty is both erroneous and prejudicial." See also K.S.A. 2020 Supp. 22-3414(3) ("The judge shall instruct the jury at the close of the evidence before argument."). Denney contends the district court would have granted his prior motion if Cotton had obtained and presented evidence that the trial judge never gave oral jury instructions. However, this claim is not properly before this court.

In Denney's written motion, he made a general allegation of ineffective assistance of counsel against Cotton, which was that Cotton allegedly failed to investigate a claim of "ineffective assistance of trial counsel, Jerome R. Jones, in the 'competency issue.'" The State's written response mentioned that Denney had also challenged the lack of oral jury instructions in the March 2018 motion, but further review of the record reveals that claim had been resolved before Cotton's appointment. The district court commented at the hearing on the current motion that the jury issue was not an issue at the February 2019 hearing and referred Denney's counsel to the transcript. The judge confirmed that Cotton's representation was only related to the competency issue, all others had been denied before Cotton's appearance. The court's journal entry on the current motion also

9

only addresses the "competency issue raised in a 2018 motion." Cotton cannot be considered ineffective for failing to investigate a claim he was not appointed to handle.

Even so, the record neither provides evidentiary support for or discredits Denney's claim. The trial transcript shows that the trial court explained to the jury that "the trial will not be completed until after you've received the Court's instructions and heard summation from the parties[,]" the afternoon of the second day of trial after the defense rested. The court gave the usual advisories not to discuss the case or form a fixed opinion before excusing the jury until 9 a.m. the following morning. The court excused the parties after a jury instruction conference, and the transcript indicates: "The proceedings were adjourned to December 1, 1993, at which time closing statements were had and the case submitted to the jury at 10:05 a.m." A separate transcript contains the parties' opening and closing statements. During the closing statements, both parties referenced specific jury instructions. Whether the court read the instructions to the jury is not entirely clear, but Denney ultimately bears the burden of designating a record that affirmatively shows prejudicial error has occurred. See *Simmons*, 307 Kan. at 43; see also *Noyce v. State*, 310 Kan. 394, 400, 447 P.3d 355 (2019). Without such a record, this court must presume the district court's action was proper.

   3.  *Denney makes purely conclusory allegations that are not supported by the*
        *record regarding Cotton's failure to investigate the need for a competency*
        *hearing prior to his 1993 trial.*

Denney next argues that Cotton was ineffective because he failed to investigate whether the trial court failed to hold a competency evaluation or suspend the proceedings under K.S.A. 2020 Supp. 22-3302(1). He contends that if Cotton had thoroughly investigated this claim and presented supporting evidence, the district court would have granted his motion. As support, Denney relies on *Medina v. California*, 505 U.S. 437, 451, 112 S. Ct. 2572, 120 L. Ed. 2d 353 (1992), in which the Supreme Court held the

10

State must "afford[] the criminal defendant on whose behalf a plea of incompetence is asserted a reasonable opportunity to demonstrate that he is not competent to stand trial." But Denney has not established he is entitled to an evidentiary hearing on this claim.

To show he was entitled to an evidentiary hearing, Denney must make more than conclusory allegations and must cite an evidentiary basis to support his claims. See *Sola-Morales*, 300 Kan. at 881. Although he asserts Cotton failed to interview him or his trial counsel, Denney does not explain what information those interviews would have revealed to support his claim. Nor does Denney cite any places in the record that suggest trial counsel attempted or failed to raise a plea of incompetence to warrant application of *Medina*. The record also refutes Denny's argument, because the district court judge found that based on his recollection and review of the record that Cotton "had examined the court file and . . . spoken with [trial counsel]." He concluded there was no truth to Denney's assertions that a competency evaluation was ordered but not completed.

In addition, Denney bears the burden as the party claiming error of designating a record that affirmatively shows prejudicial error has occurred. See *Simmons*, 307 Kan. at 43; see also *Noyce*, 310 Kan. at 400. The State's understanding was that the trial judge ordered a psychological evaluation for sentencing purposes, i.e., not because either party had requested a competency evaluation or because the court had reason to believe Denney's competency was in question. See K.S.A. 2020 Supp. 22-3302 (statute governing procedure for determining defendant's competency when at issue). Nowhere in the transcript for the preliminary hearing or any other pretrial hearing transcript available in the record do the parties discuss Denney's competency. Moreover, Denney's defense at trial was that the victims were not telling the truth about the sexual abuse allegations and that Denney was acting in self-defense. The Supreme Court's decision in Denney's direct appeal of his criminal cases does not indicate that Denney's competency was an issue in the case. *Denney*, 258 Kan. 437.

11

Put simply, Denney fails to show evidentiary support in the record that his competency was ever in question, and it is not evident from the record that Cotton failed to investigate the claim. For these reasons, we conclude that Denney has not persuasively shown he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim.

Affirmed.